## OHIO & MISSISSIPPI RAILWAY COMPANY

*v.*

## JAMES M. KERR *et al.*

1. Sales—*personal property—fraudulently obtained by vendee—and pledged to another in good faith—rights of parties.* When a party sells goods to another, and delivers them, though under circumstances which would authorize him to rescind the sale as against the vendee, yet, if before its rescission, the purchaser pledges them to an innocent party, as security for an advance of money, such party will hold them, as against the first vendor.

2. Former decisions—*to the same effect.* *Jennings* v. *Gage,* 13 Ill. 610, and *Brundage* v. *Camp,* 21 ib. 330. The case of *Fawcett et al.* v. *Osborne et al.,* 32 ib. 425, and *Burton* v. *Curyea,* 40 ib. 321, cited and explained.

Appeal from the Circuit Court of St. Clair county; the Hon. Joseph Gillespie, Judge, presiding.

This was an action of replevin, instituted in the court below, by the appellees, James M. Kerr, George W. Howe and John H. Turner, against the appellant, the Ohio & Mississippi Railway Company, to recover a quantity of flour. The cause was tried before the court and a jury, and a verdict and judgment rendered for the plaintiffs; to reverse which judgment, the record is brought to this court by appeal. The facts in the case are fully stated in the opinion.

Mr. Gustavus Koerner, for the appellant.

Mr. Wm. H. Underwood, for the appellees.

Mr. Justice Lawrence delivered the opinion of the Court:

On the 30th of September, 1867, Kerr, Howe & Co., the appellees, sold to Lamb & Quinlin, in St. Louis, ninety-nine barrels of flour. There was no agreement for credit, and one of the appellees testifies the sale was made as a cash sale. In the afternoon of the next day the flour was delivered by the appellees to a transportation company, upon the order of Lamb & Quinlin, without payment, taken over the river, to the depot of the Ohio & Mississippi Railway Company, and consigned to New York. On the 2d of October the appellees demanded payment from Lamb & Quinlin, but were refused. The credit of the latter firm had been previously good, but on the 2d they failed, and subsequently went into bankruptcy. On the 3d of October, the appellees replevied the flour from the railway company, it not having yet been sent forward. On the first of October, however, Lamb & Quinlin negotiated their draft on New York, for $4,000, to the United States Savings Institution, and delivered the bill of lading as security. The bill of lading and draft were forwarded to New York, but the draft was not paid, nor was the flour received, as it had been replevied in this suit. The amount of the draft was placed to the credit of Lamb & Quinlin on the 1st, and checked out by them on the 2d. These facts are set up as a defense by the railway company, from whose custody the property was replevied.

This case falls fully within the principles laid down in *Jennings* v. *Gage*, 13 Ills. 610, and in *Brundage* v. *Camp*, 21 ib. 330, in the latter of which cases the authorities are fully reviewed. In the subsequent case, of *Fawcett et al.* v. *Osborn et al.*, 32 ib. 425, the distinction is pointed out between a sale

by a mere bailee, and a sale by a purchaser, to whom the possession of the property has been delivered, though under circumstances which might authorize the first vendor to rescind as against his immediate vendee. The same distinction is recognized in *Burton* v. *Curyea*, 40 Ill., 321. In the present case, if Lamb & Quinlin obtained possession of the flour, knowing that they would suspend payment the next day, and not expecting to pay for it when they gave the order for its delivery, it would, undoubtedly, be such a fraud as would enable the vendors to rescind the sale as against them. But before the sale was rescinded, Lamb & Quinlin had delivered the flour to the Savings Institution, as security for an advance of money, for the delivery of the bill of lading was the same thing as the delivery of the flour, as was said in *Burton* v. *Curyea, ubi supra.* It was a symbolical delivery —a delivery of the *indicia* of ownership—and as against the Savings Institution, the appellees had no right of rescission, or to a return of the flour. They had sold it and voluntarily delivered it, and thereby enabled Lamb & Quinlin to obtain credit, by pledging it to innocent parties.

It is not pretended that the Savings Institution had notice, or were apprised of any facts which should have put them on inquiry.

The instructions given to the jury, in behalf of the defendant, were in harmony with what we have here said, but the jury disregarded them; and as there is no dispute about the facts, the court should have set aside the verdict and granted a new trial. The jury may have been misled by the fourth instruction for the plaintiffs, to the effect that the bill of lading could only be transferred by the consignee. This instruction was erroneous.

The judgment is reversed and the cause remanded.

*Judgment reversed.*