Hanchett v. Buckley.

Seth F. Hanchett, for use, etc.,

v.

A. W. Buckley et al.

*Replevin—Action on Bond—Parties—Warehouse Receipt as Collateral— Sale—Burden of Proof—Evidence.*

1. The pledge of a warehouse receipt as collateral security for a note is in legal effect a sale to the pledgee, for a valuable consideration, of the property called for by the receipt, and vests in him the legal title thereto.

2. Where there has been a breach of a replevin bond, any person injured may maintain an action thereon in the name of the sheriff to his own use.

3. In an action on a replevin bond wherein it is claimed that the action of replevin was not tried on its merits and that a certain bank, one of the parties for whose use the action is brought, became the purchaser of the property in question by accepting a warehouse receipt as collateral, it is *held:* That the burden was on the plaintiff to show that the bank had notice of the fraud in the original purchase; that certain of the instructions were erroneous; that it was unnecessary to prove that a *retorno habendo* had been awarded, it being admitted by the pleadings; and that evidence as to whether the note secured was presented to the indorser and whether he was worth the amount thereof, was improperly admitted.

[Opinion filed August 1, 1888.]

In error to the Superior Court of Cook County; the Hon. Elliott Anthony, Judge, presiding.

This was an action on a replevin bond executed by defendants in error in behalf of Simon Auerbach & Company. The

breach of the bond alleged in the declaration was that the suit was dismissed and *retorno habendo* ordered, and that the tobacco, which had been taken, had not been returned.

The defendants pleaded that the action of replevin was not tried on its merits, and that plaintiffs were not damnified more than one cent, and averred that the property in said replevin writ mentioned was the property of Simon Auerbach & Company, and not of plaintiff. To this plea plaintiff filed two replications: 1st. That the goods in the replevin writ mentioned were the property of the parties for whose use this action was brought. 2d. That the property was not the property of Simon Auerbach & Company, but was the property of the Ricker National Bank, to hold the said goods and chattels as a pledge, to be kept by said bank until said defendant, Charles Goodman, should pay to said bank $2,000, owing by said Goodman to said Ricker National Bank.

The verdict was for one cent damages, which verdict plaintiff moved the court to set aside, and for a new trial, but the court overruled the motion and entered judgment on the verdict, and the case is brought here for review by a writ of error.

Messrs. Kraus, Mayer & Stein, for plaintiff in error.

The pledge of the tobacco by Charles Goodman to the Ricker National Bank, as security for, or in payment of, a pre-existing debt, was a sale upon a valuable consideration, and is entitled to the same protection as if the Ricker National Bank had purchased the tobacco outright and paid a full and adequate consideration therefor. Butters v. Haughwout, 42 Ill. 18; Manning v. McClure, 36 Ill. 490; Kranert v. Simon, 65 Ill. 344; Van Duzer v. Allen, 90 Ill. 499; Benjamin on Sales, Sec. 433; Chicago Dock Co. v. Foster, 48 Ill. 507; Montague v. Hanchett, 20 Ill. App. 222.

Where the sale was made to a party guilty of a fraud, and possession is delivered by the vendor to the vendee in execution of the contract of sale, then the title passes and the sale is not void but merely voidable; and if the vendee transfer the goods by way of sale or pledge to an innocent third person

for a valuable consideration, before the original sale is voided, the rights of said original vendor will be subordinate to those of such third person.   Benjamin on Sales, Sec. 433; Brundage v. Camp, 21 Ill. 329; Michigan C. R. R. Co. v. Philips, 60 Ill. 190, 197; Jennings v. Gage, 13 Ill. 610; Chicago Dock Co. v. Foster, 48 Ill. 507.

The burden of proving that the Ricker National Bank had notice of the alleged fraud, by which Charles Goodman purchased the property in question from the original vendors, is upon the original vendors as against the Ricker National Bank.   Brown v. Riley, 22 Ill. 46; Butters v. Haughwout, 42 Ill. 18; Jewett v. Cook, 81 Ill. 266; Easter v. Allen, 8 Allen, 9, 10; Montague v. Hanchett, 20 Ill. App. 222.

A seller can not rescind a sale for fraud as against a remote purchaser or pledgee, unless the original seller proves that such purchaser or pledgee, at or before his purchase, had notice of the fraud or was not a *bona fide* purchaser for value. Benjamin on Sales, Sec. 433; Butters v. Haughwout, 42 Ill. 18; Ohio, etc., Railroad v. Kerr, 49 Ill. 458; Chicago Dock Co. v. Foster, 48 Ill. 507; Dickerson v. Evans, 84 Ill. 451; Henson v. Wescott, 82 Ill. 224; McNab v. Young, 81 Ill. 11; Van Duzer v. Allen, 90 Ill. 499; Kranert v. Simon, 65 Ill. 344; Brundage v. Camp, 21 Ill. 329; Jennings v. Gage, 13 Ill. 610; Montague v. Hanchett, 20 Ill. App. 222; Jones v. Simpson, 116 U. S. 609.

The delivery of the warehouse receipt by Charles Goodman through his brother, Morris Goodman, to the Ricker National Bank, was a good symbolic delivery; it forms a good delivery in the performance of the contract of pledge, and is equivalent to an actual delivery of the actual property itself.   As Jones on Pledges says, Sec. 280:   "The transfer of the certificate transfers to the vendee or pledgee the legal title and constructive possession of the property, and the warehouseman from the time of the transfer becomes his bailee."   Benjamin on Sales, Sec. 697; McNab Bank v. McRae, 107 Ill. 281; Newcomb v. Cabell, 10 Bush. 460; Burton v. Curyea, 40 Ill. 320; Salter v. Wollams, 2 M. & G. 650; Shaw v. R. R. Co.,

101 U. S. 557; Sergeant v. Central Warehouse Co., 15 Ill. App. 553.

Messrs. Weigley, Bulkley & Gray, for defendants in error.

There is no breach of the condition of the bond providing for a return of the property "in case return thereof shall be awarded," until the court awards such return; that is, until there is a judgment in the replevin suit awarding a *retorno habendo*. Clark v. Norton, 6 Minn. 412; Ladd v. Prentice, 14 Conn. 108; Thomas v. Irwin, 90 Ind. 557, and cases cited.

A warehouse receipt is not negotiable in the sense that commercial paper is. It may be assigned by indorsement and delivery, and thereby convey the interest of the assignor. Canadian Bank of Commerce v. McCrea, 106 Ill. 281; Gray v. Agnew, 95 Ill. 315. In the case of a pledge the legal property does not pass as in the case of a mortgage with a condition of defeasance, but the general ownership remains with the pledgor, and only a special property or lien passes to the pledgee. Union Trust Co. v. Rigdon, 93 Ill. 465.

An execution becomes a lien upon the personal property of the defendant from the time it is delivered to the sheriff to be executed. Section 9, Ch. 76, Rev. Stat.; Leach v. Pine, 41 Ill. 65; Field v. Macullar, 20 Ill. App. 392.

An attachment or execution creditor of a fraudulent vendee obtains no rights as against the rights of the defrauded vendor. Sweitzer v. Tracy, 76 Ill. 345; Doane v. Lockwood, 4 N. E. Rep. 500; Farwell v. Hanchett, 11 N. E. Rep. 875.

A party who has no title can give none. Hutchinson v. Oswald, 17 Ill. App. 28; Montague v. Ficklin, 18 Ill. App. 99; Fossette v. Osborne et al., 32 Ill. 424; Burton v. Curyea, 40 Ill. 329; Klein v. Seibold, 89 Ill. 540.

A stranger to the replevin bond, who is neither a party to the suit nor the bond, can not maintain an action thereon against the obligors. Pipher et al. v. Johnson, 9 N. E. Rep. 376.

The object of the replevin bond is to indemnify the sheriff and furnish an additional remedy to the defendants in that suit. Petrie v. Fisher, 43 Ill. 442; Fahnestock v. Gilham, 77

Ill. 637; Richards et al. v. Rape, 3 Ill. App. 24; Humphrey et al. v. Taggert, 38 Ill. 229.

MORAN, P. J.   To establish its right to damages the plaintiff in error, The Ricker National Bank, introduced evidence tending to show that prior to November 1, 1884, one Charles Goodman was indebted to said bank on a note for $2,000, indorsed by his brother, Morris Goodman, which note was due; that said Charles Goodman desired an extension of the loan, and through his brother negotiated with the bank to obtain it, and finally succeeded, by pledging a warehouse receipt for two bales of tobacco as collateral security for the payment of the note, and procuring the note to be indorsed by his brother.

The tobacco was purchased by Charles Goodman from Simon Auerbach & Company, and was delivered to him about the 1st of October, 1884, and was by him placed in the warehouse about November 1, 1884, and the receipt, afterward pledged to the Ricker National Bank, for the two bales in controversy, was taken from the warehouse company and was delivered to the said bank prior to November 5, 1884.   The two bales of tobacco mentioned in the warehouse receipt were taken by the sheriff on the replevin writ issued in the case in which appellees executed the bond sued on.

To sustain the defense, appellees introduced evidence tending to show that there was fraud in the obtaining of the tobacco from Auerbach & Company, in that when Charles Goodman purchased the same he knew he was insolvent, and bought the property with the intention not to pay for it. There were some circumstances connected with the pledging of the warehouse receipt to appellant upon which appellees base a contention that the Ricker National Bank had notice of the alleged fraudulent purchase of the tobacco by said Goodman, and was not, therefore, a *bona fide* holder of the warehouse receipts.

An inspection of the record leads to grave doubt as to whether there is any evidence to support such contention, but for the purpose of this review, treating this issue, as the trial

court did, as one which required the evidence to be submitted to the jury, we are of opinion that such error was committed in the modification of instructions asked for the plaintiff and in giving instructions requested by the defendant, as requires that the verdict be set aside and a new trial granted. The pledge of the warehouse receipts as collateral security to the note was in legal effect a sale to the bank of the tobacco called for by the receipts for a valuable consideration, and vested the legal title thereto in the bank (Chicago Dock Co. v. Foster et al., 48 Ill. 507), and appellant had the ownership in the same, unless appellee proved that the bank received the receipts with knowledge that the vendee, Goodman, had obtained the tobacco from the vendor by fraud. The bank being a *bona fide* purchaser for value, the burden was on appellees to show that it took with notice of the fraud in the original purchase. Easten v. Allen, 8 Allen, 10; Jewett v. Cook, 81 Ill. 266; Benjamin on Sales, Sec. 433; O. & M. R. R. Co. v. Kerr, 49 Ill. 458.

At the request of the appellees the court gave to the jury defendants' instruction No. 6, as follows:

" The court instructs the jury that before the Ricker National Bank can occupy any better position in regard to the property in question than the said Charles Goodman, it must appear from the evidence that the said Ricker National Bank obtained said property, either as security or owner, for a valuable consideration passing from the said Ricker National Bank to the said Charles Goodman at the time of obtaining the same; and also that it obtained said property from the said Goodman without any notice of the fraud by which he obtained the same."

The instruction, while it does not in direct terms misstate the law, yet is necessarily misleading. It is so couched as to give the jury to understand that the burden was on appellants to show that it obtained the property without notice of the fraud. This placing the burden of proof as to notice of the fraud upon the wrong party is more directly done in the court's modification of plaintiff's second instruction, which, as given, is as follows, the modification by the court being inclosed in parenthesis:

Hanchett v. Buckley.

" If the jury believe from the evidence that the two bales of tobacco in controversy were sold and delivered by Simon Auerbach & Company to Charles Goodman, and that they accepted their promissory note in payment for the same, and that afterward the said Goodman pledged the said two bales of tobacco to the Ricker National Bank at Quincy, Illinois, by the transfer and delivery to said bank of the warehouse receipts for the same, introduced in evidence, to secure the payment of his *bona fide* debt of two thousand dollars due to said bank (and that said bank received said warehouse receipts as collateral security for the payment of said sum of money in good faith without notice of any fraud in the purchase of the goods in question), and that said debt is wholly unpaid, then said bank, by said transfer and delivery of said warehouse receipts, acquired a special property in said two bales of tobacco, and are and were entitled to hold the same until said debt is fully paid, and the jury may find for the plaintiff and assess the damages at the value of the said two bales."

It will be seen that, by the modification, the court made it a condition of the plaintiffs' right to recover, that, in addition to all the other facts contained in the instruction, it should appear that it took the warehouse receipts without notice of the fraud, whereas the law is that the plaintiff should recover on the other facts supposed in the instruction being found in its favor, unless it appeared from the evidence that it took the receipt with notice of the fraud.   Jones v. Simpson, 116 U. S. 609;  Montague v. Hanchett, 20 Ill. App. 222.

The same error appears in the modification of other of plaintiff's instructions, but it is deemed sufficiently pointed out in what has been said, so that its repetition on another trial may be avoided, and the discussion of the other instructions in detail is not necessary.

The court permitted Morris Goodman, the brother of Charles Goodman, and who was an indorser on the note for which the warehouse receipts were held as security, to be asked on cross-examination, against the objection of plaintiff, whether he was worth the amount of the note and whether the note was ever presented to him for payment.   We think

the testimony wholly immaterial and that it was error to admit it.

It is contended by appellees that, as the Ricker National Bank was not a party to the replevin suit, it is a stranger to the bond and is not, therefore, entitled to the benefit of a recovery upon it. The suit may be maintained by the sheriff who has the legal right of action for the use of any person he chooses.

When the conditions of the replevin bond are broken, any person injured may sue in the name of the sheriff to his own use. Atkin v. Moore, 82 Ill. 240; Replevin Act, Secs. 10 and 25, Chap. 119, R. S.

It is further contended that plaintiffs could not have had a verdict, as there was no evidence introduced to show that a *retorno habendo* had been awarded on the dismissal of the replevin suit. It is alleged in the declaration that there was a judgment of *retorno*, and that is not denied by the plea, so that it stands admitted by the record. What is admitted by the pleadings need not be proved.

The judgment will be reversed for the errors pointed out, and the case remanded to the Superior Court.

*Reversed and remanded.*