## J. E. Tedrick, for Use, etc., v. M. D. Wells et al.

1. PRACTICE—*Suits for the Use of, etc.*—A party in whom is the legal right of action may, as respects the defendant, bring his suit for the use of whatever person he likes. It is no concern of the defendant for whose use the action is brought, nor is it necessary that the person for whose use the action is brought should have any interest or connection otherwise, with the subject-matter of the suit.

2. REPLEVIN BOND—*Principal and Sureties Estopped, etc.*—Where a party avails himself of the benefit of a writ of replevin and accepts and retains possession of the goods seized by virtue of it, neither he nor his sureties can be heard to say, in a suit upon the replevin bond, that the sheriff had no right to take the goods or that they were taken from the possession of some person other than the defendant in the replevin suit.

3. PLEADING—*Nul Tiel Record—When Not a Proper Plea.*—A plea to a declaration in an action of debt upon a replevin bond, setting up as a defense that there is not any record of the issuing of the writ of replevin and the return thereof, and the supposed recovery and order for the return of said property, is not a proper plea.

Debt, upon a replevin bond. Error to the Circuit Court of Effingham County; the Hon. SILAS Z. LANDES, Judge, presiding. Heard in this

court at the February term, 1895. Reversed and remanded. Opinion filed July 1, 1895.

WM. B. WRIGHT and E. N. RINEHART, attorneys for plaintiff in error, contended that the defendants are estopped to say there is no record of the issuance of the writ. It is recited in the bond that the writ was issued. Mix v. People, 86 Ill. 332.

The suit is on the bond and not on the record and a plea of *nul tiel record* is not a proper plea. Arnott v. Friel, 50 Ill. 174; Goelz v. Joerg, 64 Ill. 114; Mix v. People, 86 Ill. 332; Larison v. Laird, 36 App. 402; Buckmaster v. Beames, 4 Gil. 443.

FARIS & HAMILL, of counsel.

ASHCRAFT, GORDON & COX, attorneys for defendants in error, contended that an action can not be maintained upon a replevin bond where the sheriff has taken the property from the possession of another than the defendant in the replevin writ citing Sec. 7, Chap. 119, R. S. (S. & C.) 2012; Sexton v. McDowd, 38 Mich. 148; Hodson v. McCambridge, 130 Ill. 367; Billings v. Thomas, 114 Mass. 570; Perkins v. Rudolph, 36 Ill. 306; Stimpson v. Reynolds, 14 Barb. 506; State, for use, etc., v. Jennings, 4 Ohio St. 418; Arter v. People, etc., 54 Ill. 228; Matthews v. Storms, 72 Ill. 316; Brandt on Surety, 2d Ed., Sec. 388; Cornell v. Eagan, 13 Daly, 505; Nat. Mechanics' Bank Ass'n v. Conkling, 90 N. Y. 116; Fellows v. Prentiss, 3 Denio 512; Bethune v. Dozier, 10 Ga. 235; Ryan v. Trustees, 14 Ill. 20.

MR. JUSTICE GREEN DELIVERED THE OPINION OF THE COURT.
This was a suit on a replevin bond, brought by the sheriff against the principals and sureties who executed the same. A demurrer was sustained to the second count of the declaration, and demurrers were overruled to defendants' fourth and fifth pleas. Plaintiff below elected to abide by said second count, and by his demurrers to said pleas and the court thereupon entered judgment for defendants for costs. To reverse this judgment, plaintiff sued out this writ of error. The errors assigned are the rulings of the court in sustain-

ing the demurrer to the second count of the declaration, overruling the demurrers to the fourth and fifth pleas, and rendering judgment against plaintiff for costs. The second count of the declaration sets out substantially the bond and its conditions, in the usual form, the suing out the writ of replevin for the recovery of the goods and chattels described in the condition of the bond, the taking of the same by plaintiff, as sheriff, by virtue of the writ of replevin, from the possession of certain persons (naming them) in whose possession he found said goods, and the delivery by him of said goods to M. D. Wells & Co., plaintiffs in the replevin suit. It is then averred that at the March term, 1892, of said Circuit Court, it was adjudged by the court that said plaintiffs take nothing by their said writ, and that defendant go thereof without day, and should have a return of the said goods and chattels, and that said M. D. Wells & Co., plaintiffs, have failed and refused to make a return thereof. The demurrer was interposed to the whole declaration, and the causes assigned are "that said declaration fails to give the individual names of the persons for whose use said action is brought, and to allege they or either of them are corporations;" and "the second count does not allege the taking of the property from the defendant in the replevin writ." In Atkins v. Moore, 82 Ill. 240, it was insisted the suit on a replevin bond in the name of the sheriff could be brought only for the use of the defendant in the replevin suit, and that even if it could be, the interest of such person, and his connection with the bond must be set forth in the declaration; held, that the party in whom is the legal right of action may, as respects the defendant, bring his suit for the use of whatever person he likes; that it is no concern of the defendant for whose use the action may be brought, and it is not necessary that the one for whose use the action is brought should have any interest or connection, otherwise, with the subject of the suit. The same doctrine is announced in Hanchett v. Bulkley, 27 Ill. App. 159, and Smith et al. v. Hertz, for use, etc., 37 Ill. App. 36. As to the cause assigned for demurrer

to the second count of the declaration, that "it does not allege the taking of the property from the defendant in the replevin suit," it is not perceived that because the goods replevied by virtue of the writ, and claimed and described in the affidavit and replevin bond, and for the recovery of which the suit in replevin was brought, and which was delivered to the plaintiffs in that suit, were not taken from the actual possession of the defendant, the principal and sureties were absolved from performing the conditions of the bond.

The principals invoked the aid of the writ of replevin to get possession of certain goods, and to effect this purpose they and their sureties voluntarily executed and delivered to Tedrick, as sheriff, the bond, with the conditions that the principals should prosecute their suit in replevin to effect and without delay, and make return of said property, if return thereof should be awarded. There is no qualification or proviso that the goods shall be taken from the possession of defendant in order to make the conditions binding. The demurrer admits that the identical goods described in the affidavit, and which the writ commanded the appellant to seize and deliver to the principals in the bond, were, by virtue of the writ, so seized and delivered and have never been returned. Having availed themselves of the benefit of this writ and accepted and retained possession of the goods seized by virtue of it, neither the principals nor sureties can now be heard to say the sheriff had no right to take the goods, or they were taken from the possession of some other than the defendant in the replevin suit. In Fahnestock v. Gilham, 77 Ill. 637, the trial court refused to admit the bond in evidence, on the ground the justice of the peace did not have jurisdiction of the action of replevin, in which the bond was given. The Supreme Court held this was error, and that one who institutes an action of replevin, obtains property under the writ, submits to a trial and is defeated, can not, when sued upon the bond he has voluntarily given to the officer executing the writ, be heard to say the court, whose process he invoked, had no jurisdiction of the subject-

matter. The same principle is announced in Petrie, for use, etc., v. Fisher, 43 Ill. 442. In McFadden v. Ross, 108 Ind. 512, it was held, where plaintiff in a replevin suit obtains possession of the property in an apparently regular manner, through instrumentalities and proceedings set on foot by himself, neither he nor his sureties, when sued on the bond, can be heard to impeach the return of the sheriff and the regularity of the proceedings. See also Sammons et al. v. Newman, 27 Ind. 508; Harbaugh v. Albertson, 102 Ind. 73; Cobbey on Replevin, Secs. 1366, 1367. In our judgment each count of the declaration sufficiently averred a cause of action for the breach of both conditions of the bond, viz., failure to prosecute the replevin suit to effect, or make return of the property.

The fourth plea sets up as defense that the sheriff did not replevy the goods in the writ and bond mentioned from Harrison & Ruffner (defendant in the replevin suit). What we have said with reference to the second count of the declaration is applicable to this plea, and it follows that in our judgment the facts averred therein would not support a defense in this suit. The demurrer to this plea ought to have been sustained.

The fifth plea sets up as a defense to the whole cause of action, that there is not any record of the issuing of said writ of replevin, and the return thereof, and the supposed recovery and order for the return of said property and goods and chattels, *nul tiel record*, was not a proper plea to an action of debt upon this bond. Arnott v. Friel, 50 Ill. 174; Mix et al. v. People, use, etc., 86 Ill. 329. This suit was on a bond and not on a record. The plea does not deny that the writ was issued, and by virtue of it appellant seized the goods and delivered them to the plaintiffs in the replevin suit; nor does it deny a return of the goods was awarded; nor does it confess and avoid, or traverse the material averments that said plaintiffs did not prosecute their suit to effect and did not make return of said goods. Aside from this, and as before said, having availed themselves of the writ and accepted and retained possession of the goods seized by

virtue of it, neither the principals nor sureties can be permitted to avoid the performance of the conditions of the bond, if all the averments of the fifth plea are admitted to be true. The plea presented no good defense for the breach of these conditions, and the court erred in not sustaining the demurrer to said plea.

For the errors indicated the judgment is reversed and cause is remanded.