## JUSTIN BOWMAN

*v.*

## GEORGE W. WOOD.

1. PRACTICE — *service of summons.* Where there are ten days, after excluding the day on which service is made, before the first day of the term to which a summons is returnable, *held* that the service was in time and will support a judgment by default.

2. SAME — *computation of time.* The rule for computing time is, where an act is to be performed within a specified period, after a day named, to exclude that day, and to include the day named for the performance. In cases of service, the day it was made should be excluded, and the return day may be included.

3. SAME — *setting aside a default.* It is discretionary in a court to set aside a default, and an appellate court rarely reviews the exercise of the discretion, and then only to prevent gross injustice.

4. SAME — *grounds for setting aside a default.* Where the ground relied upon for setting aside a default is, that the defendant has a cross action against the plaintiff, it simply appeals to the circuit judge to exercise a discretion, and as the defendant may still sue and recover judgment on his demand against the plaintiff, the refusal to let such a defense in, cannot work injustice.

5. SAME — *oyer granted does not extend time to plead.* When a defendant has been duly served with process, he must plead, or obtain further time, on the return of the writ. And when oyer is granted, it does not extend the time to plead; if further time is necessary, defendant should apply to the court and obtain it, or he will be in default.

APPEAL from the Superior Court of Chicago.

This was an action of covenant brought by George W. Wood, in the Superior Court of Chicago, to the October Term, 1865, against Justin Bowman. The summons was tested on the 20th of September, 1865; it was served on defendant on the 22d, and was returnable on the 2d day of the following October.

The declaration was filed on the 22d day of September, 1865, with a copy of the instrument upon which the suit was brought. On the fourth of October, no plea, demurrer or motion having been filed by defendant, a default was entered, and the plaintiff's damages were assessed at $500, and judgment was rendered against defendant for that sum.

On the next day, defendant entered a motion to set aside the default and to be permitted to plead to the action. The motion was based on affidavits. And the grounds of the motion were, that defendant had a set-off to the cause of action, and that he had, on the 4th day of October, demanded oyer of the agreement sued upon, with a view of preparing pleas, and that, within a very short period after receiving a copy of the instrument, and an insufficient time within which to prepare proper pleas, plaintiff, on the forenoon of the same day, entered the default, and had judgment rendered for the want of a plea.

On hearing the motion, the court below overruled it and refused to set aside the judgment by default, and defendant excepted and brings the case to this court by appeal, and asks a reversal of the judgment of the court below refusing his motion.

Messrs. Borden & Spafford, for the appellant.

Messrs. Hervey, Anthony & Galt, for the appellee.

Mr. Chief Justice Walker delivered the opinion of the Court:

This was an action of covenant, commenced by George W. Wood, in the Superior Court of Chicago, against Justin Bowman. The service was had more than ten days before the commencement of the court, and the declaration was filed in proper time. A default was taken for want of a plea on the second day of the term, and damages were assessed, and a judgment rendered against appellant for the sum of five hundred dollars. A motion to set aside the default was entered, but overruled by the court, and the cause is brought to this court to reverse that judgment.

It is objected, that the service was not in time. The summons was served on the 22d of September, and the court convened at its next term, on the 2d day of October. If we exclude the 22d of September, we still have eight days remaining of that month, and the 1st and 2d days of October would make the full ten days, without including any portion of the day on which the service was made. It is believed that the uniform construction given to the practice act, has been to exclude either the day on which the summons was served, or the return day, and if there then remained ten days, the service is held to be in proper time, and will sustain a judgment by default. To hold otherwise would be to overrule the practice which has obtained since the organization of the State government, and to overturn titles acquired under judgments, obtained on such service, to an extent that is perhaps beyond calculation. But we do not see the slightest reason for a different construction. The computation in the mode which has obtained, is so reasonable and natural as to require considerable ingenuity to make any other seem even plausible. The service was in time and will sustain the judgment.

This court has held, that the proper mode of computing time, when an act is to be performed within a particular period after a day named, is to exclude that day and to include the day of performance. *Ewing* v. *Bailey*, 4 Scam. 420 ; *Hall* v. *Jones*, 28 Ill. 54 ; *The People* v. *Hatch*, 33 id. 9. In the case of *Vairin* v. *Edmonson*, 5 Gilm. 270, the court held, that, in computing the time of service by publication in an attachment suit, the first day of publication should be excluded, and the return day included. And no reason is perceived for the adoption of a different rule in the service of a summons. The statute does not require it, nor does the uniform practice of our courts sanction it.

It is urged, that the court below erred in refusing to set aside the default. As a general rule (it may be subject to a few exceptions), the court rendering the default is clothed with discretionary power to grant or refuse a motion to set it aside. Where, from affidavits filed in the case, it appears to

the circuit judge, that injustice has been produced by the rendition of the judgment, he will never hesitate to set it aside and let in a meritorious defense, on equitable terms. But an appellate court rarely, if ever, revises the exercise of such a discretion, and then only when gross injustice has resulted. The sense of justice, as well as of duty, will always induce a circuit judge to see that justice is administered in his court, when it is not prohibited by some positive rule of law. This being so, he will ever readily, and without hesitation, exercise his discretionary power in the advancement of justice.

The meritorious grounds relied upon are, that appellant has a cross demand against appellee. If this be true, what prevents him from suing and recovering in an action against appellee ; or claiming it as a set-off to other installments still to fall due, under the contract ? We do not see that the court below was called on to set aside the default, as it might have been if the set-off would have been lost, or could not have been otherwise recovered. But it was within the discretion of the court below, and we have no power to interfere with the decision.

It is again urged, that the judgment of default was taken too soon after oyer of the instrument sued on was given. Oyer was had at the opening of the court, and the default was taken about an hour afterward. If oyer was really necessary to enable appellant to plead, and time was also necessary for the purpose, he should have applied to the court for an extension of time. When a defendant is duly served with process in proper time, he must plead or otherwise answer the action, by the meeting of the court, and if he fail to do so, without an extension of time for the purpose, he is in default, and the plaintiff has the right to have it entered, at any time, before plea, demurrer, or a motion suspending proceedings, is interposed, unless the time to plead has been extended. The question, as to whether oyer was properly demanded or given, does not therefore arise. The only question is, was appellant in default ? He had filed no plea, demurrer, motion suspending the proceedings, or obtained from the court an extension of time to plead, and was therefore in default, and appellee was

entitled to his judgment. We perceive no error in this judgment for which it should be reversed, and it is therefore affirmed.

*Judgment affirmed.*