FRANK HITCHCOCK

v.

ELIZABETH HERZER.

1. DEFAULT—*setting aside.* A motion to set aside a default is addressed to the sound legal discretion of the court in which it is made, and unless there has been a palpable abuse of such discretion, an appellate court will not interfere. It is only when it is evident that the action of the court below has been unjust and oppressive, and has resulted in a substantial injury to the defendant, that such action will be reversed on review.

2. An application to set aside a default should show a meritorious defense, and a reasonable excuse for not having made that defense in due time. An affidavit of an attorney upon information and belief as to a meritorious defense, without stating the facts constituting the defense, and giving as an excuse a search for the papers by a third person upon information and belief, without any affidavit of such person, is insufficient.

APPEAL from the Circuit Court of Peoria county; the Hon. J. W. COCHRAN, Judge, presiding.

Messrs. HOPKINS & MORROW, and Messrs. JOHNSON & HEWITT, for the appellant.

Messrs. LOUCKS & LOUCKS, and Mr. M. M. BASSETT, for the appellee.

Mr. JUSTICE BAKER delivered the opinion of the Court:

It is the settled and long established rule in this State, that a motion to set aside a default is addressed to the sound legal discretion of the court in which it is made, and that unless there has been a palpable abuse of such discretion the appellate courts will not interfere. It is only where it is evident the action of the court below has been unjust and oppressive, and has resulted in a substantial injury to the appellant, that such action will be reversed on review. *Greenleaf* v. *Roe*, 17 Ill. 474; *Union Hide and Leather Co.* v. *Woodley*, 75 id. 436; *Constantine* v. *Wells*, 83 id. 192.

An application to set aside a default should show a merito-

rious defense, and a reasonable excuse for not having made that defense in due time.

The case under consideration was an action of replevin, and the affidavit to set aside the default was made, not by the defendant or by any party in interest, but by the attorney. That portion of the affidavit referring to the merits of the controversy reads as follows: "Affiant says he is informed and believes that the property replevied in each of said suits, or a greater part of it, was, when levied upon, the property of said Jacob Herzer, and not of said Elizabeth Herzer, and is liable to said attachments and executions for the satisfaction of the same." The affidavit merely states the information and belief of the person making it, and does not even disclose the source of such information. It does not testify to the fact of property or of a meritorious defense, nor does it disclose the facts and grounds upon which the claim of property is based; instead of this it states a conclusion predicated upon hearsay. It affirmatively appears from the affidavit, it is made by a person who is unacquainted with the facts which he attempts to make known to the court.

The defendant was served with process on the 23d day of August, 1876, and the declaration was filed the next day. The default was taken and final judgment rendered on the 4th day of October, 1876, that being the third day of the term to which the writ was returnable. The motion to set aside the default was entered two days thereafter. The affidavit filed on behalf of appellant contains certain statements as to a search for the papers, made after the commencement of the term by one Cutright, but weakens or entirely destroys the effect by saying: "the fact in regard to the search and inquiry for the papers aforesaid affiant makes upon information from said Cutright, and believes it to be true." Cutright does not swear he made any attempt to find or get the papers, and the absence of an affidavit from him is wholly unaccounted for.

This case is wholly unlike *Mason* v. *McNamara*, 57 Ill. 274. There, the fact of a good and substantial defense was sworn

to by the defendant, and the affidavit of the attorney clearly established the fact that frequent and repeated searches and inquiries were made by him for the papers.

Under the circumstances of this case, we are unable to say the action of the circuit court was unjust and oppressive, and a palpable abuse of discretion.

The judgment is affirmed.

*Judgment affirmed.*