## CLARK T. NORTHROP ET AL.

### v.

## PETER McGEE.

1. USEE AS PARTY.—In suits at law a person who is interested merely as usee is not regarded as a party to the suit, and the fact that the suit is brought for his use need not be expressed upon the record. The insertion of the name of a usee may be regarded as surplusage, at least on demurrer.

2. RULE TO PLEAD INSTANTER.—Where a party is ordered to plead "instanter" he must plead the same day.

APPEAL from the Superior Court of Cook county; the Hon. ROLLIN S. WILLIAMSON, Judge, presiding. Opinion filed July 21, 1886.

Mr. E. W. ADKINSON, for appellants; that the judgment was rendered before the time granted defendants within which

to plead, cited Bouv. Law Dict. def. "instanter"; 3 Chitty's Pract., side page 112.

Messrs. BOUTELL & WATERMAN, for appellee; that the words "for the use," etc., are mere surplusage, cited Chadsey v. Lewis, 1 Gilm. 153; Am. Ex. Co. v. Haggard, 37 Ill. 465.

As to meaning of "instanter:" 1 Tidd's Practice, 641; Rex v. Rogers, 1 Taun. 1809.

BAILEY, P. J.   This was debt on a replevin bond.   The suit in which the bond was given was brought by Loomis and Rogers against Langdon and Balcom, before a justice of the peace, said bond being executed by Loomis and Rogers and two sureties, to McGee, the constable, to whom the replevin writ was issued, and conditioned in all respects as provided by the statute.   The present suit was brought in the name of the constable against the principals and sureties on the bond, and in the summons and declaration, Langdon alone is named as usee.   The breaches of the bond assigned in the declaration are, the failure of the principal obligors to prosecute said suit with effect, and their failure to pay certain costs and damages occasioned to Langdon and Balcom, by wrongfully suing out said writ of replevin.   Summons was served on the sureties only, the other defendants not being found.   The defendants served, appeared and filed a general demurrer to the declaration, and that being overruled, an order was entered requiring them to plead *instanter*, and on the same day their default was entered for want of a plea.   The court thereupon assessed the plaintiff's debt at $350, the penalty of the bond, and his damages at $350, and gave judgment therefor in favor of the plaintiff.

We are able to perceive no material error in the record. It is urged that because Langdon alone is named in the declaration as usee, no damages are recoverable, except such as accrued to him individually; and consequently, that the assignment of breaches of those conditions of the bond which run to Loomis and Langdon jointly, constituted a misjoinder of causes of action, and that for that reason the declaration should

have been held bad on demurrer. It is well settled that in suits at law, a person who is interested merely as usee, is not regarded as a party to the suit, and the fact that the suit is brought for his use need not be expressed upon the record. American Express Company v. Haggard, 37 Ill. 465. It follows that the insertion of the name of a usee may be regarded as surplusage, at least on demurrer. Thus, in Buckmaster v. Beames, 4 Gilm. 443, which was a suit upon a replevin bond, it was held that the nominal plaintiff was the only one of whom the court would take notice, and that the fact that one of several parties interested had brought suit in the name of the sheriff, could not be questioned by a demurrer.

The only other point raised is, that the default was entered before the expiration of the rule to plead. The rule was to plead "instanter," and the default was entered at some time before the close of the season on the same day. "Instanter" is defined to mean "instantly; forthwith; without any delay or the allowance of any time." Burrell's Law Dict. In practice it is sometimes said to mean, "within twenty-four hours," and it is sometimes so defined by express rules of court; but the signification of the word which seems to us to be more in accordance with the practice which has uniformly prevailed in this State, is the one suggested in the note to King v. Johnson, 6 East, 583, viz., "before the rising of court," when the act is to be done in court, or, "before the shutting of the office on the same night," when the act is to be done there. The same definition is adopted by Mr. Wharton in his Law Dictionary. He there lays down the rule that, when a party is ordered to plead instanter, he must plead the same day.

Adopting this construction of the rule to plead instanter, it does not appear that the default was entered before the rule expired. So far as the record shows, the default may have been entered at the last instant of the day's session, and in support of the judgment of the court below we must presume that such was the fact. At that time the rule had expired and the defendants were then in default. The judgment will be affirmed.

Judgment affirmed.