## Ascher Pitzele and Nathan Pitzele, Interpleaders, v. Clifford L. Lutkins.

1. PRACTICE—*Setting Aside Defaults.*—A motion to set aside a default is addressed to the sound legal discretion of the court in which it is made, and unless there has been a palpable abuse of such discretion the Appellate Court will not interfere.

2. SAME—*Where Defaults Will be Set Aside.*—It is only where it is evident that the action of the court below has been unjust and oppressive, and has resulted in a substantial injury to the appellant, that it will be reversed on review.

3. DEFAULTS—*Object to be Obtained in Setting Aside.*—The object to be obtained in considering an application to vacate a default judgment is justice—not justice in the abstract, but justice between the parties in the particular case, in view of all the circumstances.

4. SAME—*Diligence to be Exercised.*—Where a defaulted party has

failed to exercise proper diligence, the default will not be set aside, although he has a good defense upon the merits.

5. SAME—*Lack of Diligence of Attorneys.*—The negligence, or lack of diligence, by a party's attorney, or of both himself and his attorney, will not avail him.

6. SAME—*What Should Appear in Motions to Set Aside.*—To invoke the exercise of this power of the court, three things must be made to appear, viz.: That the defaulted defendant has a meritorious defense to the plaintiff's claim in whole or in part; that neither he nor his attorney were neglectful of their rights and duties in the particular case; and that some " substantial injury " to him has resulted.

7. SAME—*Construction of Affidavits on Motions.*—In applications to set aside judgments entered by default or entered in *ex parte* proceedings, affidavits in support of such applications are to be construed most strongly against the party making them. It is not sufficient to state facts from which, if proved on a trial, a defense might be inferred.

**Attachment and Interpleader.**—Appeal from the Superior Court of Cook County; the Hon. John Barton Payne, Judge, presiding. Heard in the Branch Appellate Court at the October term, 1899. Affirmed. Mr. Justice Freeman dissenting. Opinion filed December 5, 1899.

Carpenter Bros., attorneys for appellants.

J. S. Huey, attorney for appellee.

Mr. Justice Shepard delivered the opinion of the court.

Appellee began his suit in attachment in the court below against one Nathan, of New York, and attached certain goods and garnisheed certain credits as the property and credits of said Nathan. No defense to the suit was made by Nathan.

The appellants interpleaded in the suit and claimed the attached goods as their own by purchase, and the credits garnisheed as theirs by assignment.

Issue was joined on the interplea, and the cause was placed on the trial call of the Superior Court for Tuesday, April 12, 1898, and remained on the call continuously thereafter until it was reached for trial on the afternoon of Thursday, April 14th. At about half after one o'clock of said Thursday, the court called four cases that stood upon the trial call, to see if parties were ready for trial, with the result

that it was announced the first one had been settled, and that the next three, of which this case was the last one, were ready for trial, the appellants being present and responding by their counsel.

Shortly afterward appellants' counsel left the court room, and during his absence the case was called, and the interplea was dismissed for want of prosecution at appellants' cost.

Four days afterward, the appellants moved the court to set aside the order dismissing the interplea and said judgment for costs, upon affidavits then read to the court and filed, but the court overruled the motion and this appeal has followed.

The sole question to be considered is, was there such a palpable abuse of discretion by the trial court in refusing to set aside said order as will justify us in interfering?

"It is the settled and long-established rule in this State that a motion to set aside a default is addressed to the sound legal discretion of the court in which it is made, and that unless there has been a palpable abuse of said discretion the Appellate Courts will not interfere.

It is only where it is evident the action of the court below has been unjust and oppressive, and has resulted in a substantial injury to the appellant, that such action will be reversed on review." Hitchcock v. Herzer, 90 Ill. 543.

The object to be attained in considering an application to vacate a default judgment is justice—not justice in the abstract, but justice between the parties in the particular case, in view of all the circumstances. Mason v. McNamara, 57 Ill. 274.

So, it has been held that though the defaulted party has a good defense upon the merits, but he has failed to exercise proper diligence, the default will not be set aside. Mendell v. Kimball, 85 Ill. 582.

Nor will the negligence, or lack of diligence, by his attorney, or of both himself and his attorney, avail him. Mendell v. Kimball, *supra;* Treutler v. Halligan, 86 Ill. 39; Schultz v. Meiselbar, 144 Ill. 26.

We do not doubt the power of this court, or the propriety

Pitzele v. Lutkins.

of its exercise upon a proper showing, to review and reverse the judgment of the court below for an abuse of its discretion in refusing to vacate a judgment by default upon application therefor made in the term at which the judgment is entered. The cases where the power has been exercised are too numerous and too familiar to require citation.

But to invoke the exercise of the power, three things must be made to appear to the court below, viz.: that the defaulted defendant has a meritorious defense to the plaintiff's claim in whole or in part; that neither he nor his attorney were neglectful of their rights and duties in the particular case, and that some "substantial injury" to him has resulted, before this court may properly say the court before whom the application was made, erred in refusing to set aside the judgment.

If it be granted, as it may be on the face of the affidavit by one of the appellants, that appellants had a *prima facie* defense to a part, at least, of appellee's suit, we do not think his diligence in asserting such defense was sufficient for us to say there was error.

The case had been upon the trial call for three days. A test call was then made of the undisposed cases for the day, with the view of making an announcement for the convenience of the members of the bar in attendance. The result showed that but two cases ahead of this one remained to be disposed of. Appellant's attorney was present at that call and responded to it that he was ready.

Making inquiry, the attorney was told by the attorney in one of the cases that was ahead of this one that that case would require fifteen minutes of time. Thereupon the attorney left the court room and went out to do some telephoning, without leaving word with the court, or anybody except his adversary, of his purpose. At that time one of the appellants was in an adjacent court room, "within call all of said afternoon, and was ready" for the case; but, so far as appears, the attorney left no word with him of his intention to go away, or to watch the case.

Although the attorney returned in a comparatively short

time, he was absent long enough for the two cases that had precedence of the one at bar to be disposed of and this one heard. And it was not until four days after the judgment was entered that any motion was made to set it aside. The Superior Court was not satisfied with the showing of diligence that was made, nor are we to such an extent as would warrant us in saying that there was error in the discretion reposed in that court.

Furthermore, no material injury to appellants is shown, except, perhaps, by way of inference, and inference is not enough to rest applications of this kind upon.

"In applications to set aside judgments entered by default, or entered in *ex parte* proceedings, affidavits in support of such applications are to be construed most strongly against the party making them. It is not sufficient to state facts from which, if proved on a trial, a defense might be inferred." Crossman v. Wohlleben, 90 Ill. 537.

The most that is made to appear in respect of a resulting injury to appellants, because of the court's refusal to set aside the judgment, is that appellants' claim to the property attached is based upon an executory agreement by appellants with Nathan to credit the value of the property upon a note of Nathan held by appellants; but the value of the property is not stated, nor the alleged purchase price of it, and, *non constat*, the note is as good as it ever was against Scheyer.

To hold that such error was committed by the trial judge as to require a reversal of this judgment, would be to put a premium upon the conduct of such defendants and their attorneys as might in future suits get their cases ready for trial and, at the hour of their being called, withdraw from the court rooms and leave judgment to go against them by default, and then, some days later, come in and ask for a setting aside of the judgment upon *ex parte* affidavits, showing a meritorious defense and nothing more, and thereby gain delay.

We observe no sufficient ground for disturbing the judgment of the Superior Court, and it will be affirmed.

Mr. Justice Freeman, dissenting.

I can not concur in this decision. The only question presented is, whether there was an abuse of sound legal discretion in the refusal of the Superior Court to set aside an order and judgment entered in favor of appellee upon the regular call of the trial calendar.

It appears that the cause had been upon the calendar, and liable to be reached for trial at any time for three successive days. When finally called, appellants' attorneys were not present, and no one appeared to represent them or their clients. The interpleas of appellants were thereupon dismissed for want of prosecution, and judgment for costs entered accordingly.

Four days thereafter appellants moved to set aside the judgment, to reinstate the interpleas and for a trial upon the merits. No denial is made that the facts set up in the affidavits filed in support of this motion, tend to show a meritorious cause of action, and, as they are therein stated, a sufficiently meritorious cause of action appears.

In Waugh v. Suter, 3 Ill. App. 274, it is said :

" In applications to set aside a default, we regard the point of a meritorious defense as altogether the more important of the two required, and where the judgment is unjust a certain degree of neglect may, especially as terms can be imposed, be held to be excusable."

In Dunlap v. Gregory, 14 Ill. App. 601–606, the court, after an examination of preceding cases, thus states the rule :

" When a judgment which is plainly unjust has been rendered against a party by default, if a reasonable excuse is shown for not having made a defense, and the party against whom the judgment is rendered, exercises reasonable and ordinary diligence in moving to set it aside, it is the duty of the court to exercise its discretion by granting the motion, especially if it be made at the same term at which the judgment is rendered. The discretion vested in the courts to grant or deny motions of this character is not an absolute, but a legal discretion, which is subject to be reviewed."

A similar view is expressed in other cases. Slack v. Casey, 22 Ill. App. 412; Allen v. Hoffman, 12 Ill. App. 573; Mason v. McNamara, 57 Ill. 274. In the last mentioned case it is said :

" As we understand the long and well settled practice in this State, it has always been liberal in setting aside defaults at the term at which they were entered, where it appeared that justice will be promoted thereby."

In Hitchcock v. Herzer, 90 Ill. 543, the discretion exercised by the trial court in refusing to set aside a default was sustained, the affidavit by which it was sought to show a meritorious defense being made upon information and belief only, without stating facts upon which such belief could be founded. In Bowman v. Wood, 41 Ill. 203, a like refusal was sustained, and it was held the trial court was not called upon in that case to set aside the default " as it might have been if the set-off would have been lost or could not have been otherwise recovered." In Andrews v. Campbell, 94 Ill. 577, it was held the application to set aside a default might not improperly have been allowed, but the motion having been so long delayed the exercise of discretion by the trial court would not be disturbed. In Union Hide & Leather Co. v. Woodley, 75 Ill. 435, the defendants, who sought to have the default set aside, were held guilty of gross negligence amply justifying a refusal of the motion.

It appears from the affidavit filed by appellants' counsel in support of the motion to set aside in the case at bar, that on the day judgment was entered, the attorney for appellee was present in court; that about 1:30 P. M. the judge called four cases to ascertain if they were ready for trial, and it was found that three, of which the case before us was the last, were so ready, and it was announced that none others would be called that day. Appellants' lawyer then inquired of an attorney whose case preceded his own upon the call how long such attorney's case would take, and was told it would require about fifteen minutes. . Affiant states the attorney of appellee had requested him to have the declaration, which was apparently in appellants' possession, returned, and affiant was induced by that request to leave the court room in order to telephone to his partner to bring the declaration into court; he says he told appellee's attorney that he would be gone for that purpose about ten or fifteen min-

utes, to which appellee's attorney responded "All right," or words to that effect. Affiant states that he returned in less than fifteen minutes, met appellee's counsel in the hallway, and was informed that the latter had taken judgment in his absence. He states also that one of the appellants was in an adjacent court room helping to watch another case, within call, and ready for the trial of the case now before us. Appellee's attorney denies by affidavit that he was told appellants' attorney would be gone ten or fifteen minutes, that he responded "All right," or words to that effect, and denied that he requested to have the declaration in court. He insists he did and said nothing to give any intimation that he would endeavor to hold the case if reached before the return of appellants' counsel. He states, however, that appellants' attorney said to him that he did not believe said case would be reached that day, and "made some remark to the effect that he was going down to telephone to his brother at South Chicago." Other matters are set out in the affidavits, but I do not regard them as material with reference to the explanations offered to excuse the absence of appellants' attorney when the cause was reached for hearing. It does not appear that he at once called the court's attention to his return and asked for a hearing; nor does it appear whether he could or could not have done so; or whether the court, having thus disposed of the last case on the call for the day, had or had not already adjourned. The motion to set aside was made, with accompanying affidavits, four days thereafter.

The case of Slack v. Casey (above referred to) was in some respects similar to that under consideration. There the appellant's attorney having learned that another case would be taken up for trial preceding his own, went to an adjoining court room to see about other cases, and returning in a few minutes found to his surprise that his case had been called and disposed of. The affidavits showed a meritorious defense, and it was held in order that justice should be done, it was necessary that the judgment should be set aside and the defendant permitted to make his defense. In

reversing the judgment because of the denial by the trial court of a motion to set aside, the Appellate Court says :

" It clearly appears in this case that appellant had prepared for the trial of his case, and made such arrangements as under the ordinary course of business in the court would have enabled him to be present to offer his defense. His attorney might, it is true, have exercised such a degree of diligence that the case could not have been called without his knowledge, but where the client has been diligent, he ought not to be mulcted by reason of the fact that his attorney has miscalculated the progress of the court's business to the extent of twenty minutes, particularly when it appears that he was caught wrong, because two cases standing before his in the call, were passed for a few minutes, and his case thus reached and done for, before, in the order of events, * * * there was reason for expecting that its time had come."

It appears from his own affidavit that the attorney for appellee was told that appellants' counsel had gone out to send a telephone message, and it could not well be doubted that he was expecting to return. The highest ethics of the profession would seem to require that under these circumstances the court should be so advised. Whether this was done or not does not appear, but the writer is of opinion that the appellee should not be allowed to profit by an advantage thus secured. The primary object of courts is to do justice between litigants, and while diligence is entitled to its legitimate reward, a slight remissness in this respect is visited with too severe a punishment if it gives judgment to one not entitled. A sufficient penalty can be imposed ordinarily in other ways.

The writer is of opinion that, under the circumstances, the motion to set aside should have been granted upon such reasonable terms as the trial court might have found it proper to impose. There being no dispute that the affidavits in support of the motion show a meritorious cause, the appellant ought not to be deprived of a hearing solely because of a miscalculation or mistake in judgment of his attorney.

Appellants would have made out a stronger case, doubt-

less, had they stated affirmatively in their affidavits that they are, by the action of the trial court, barred from obtaining in any other way the payment of which the judgment in question appears to deprive them.   The writer is of the opinion, however, that from the facts as stated it sufficiently appears.