## A. W. Stevens Co. v. Aaron F. Kehr.

1. ACTIONS EX CONTRACTU—*Proof of Joint Liability—Exception to the Rule.*—The rule that in an action *ex contractu* there must be proof of the joint liability of all who are charged with joint liability in the declaration, and there must be a recovery against all or none of the defendants who are served, does not apply where one is joined as defendant who is an unnecessary or improper party.

2. VARIANCE—*After Dismissing as to a Part of the Defendants Without Amending the Declaration.*—Under such a declaration charging joint liability, proof of a cause of action against only one defendant after the other defendant has been dismissed, without amending the declaration, is merely a variance, which can not be availed of without an objection to the testimony on the ground of variance, or a motion to exclude the evidence for that reason.

3. PRACTICE—*Counter Affidavits on Motions to Vacate Judgments by Default.*—Counter affidavits may be filed on a motion to vacate a judgment and set aside a default.

4. SAME—*What the Rule to Plead Instanter Implies.*—The rule to plead instanter requires a plea before the rising of the court, but if default be taken sooner and defendant does not present a plea before the rising of the court, the earlier default is not reversible error.

5. DEFAULT—*When the Denial of a Motion to Set Aside Will Not Be Disturbed.*—A denial of a motion to set aside a default and a judgment will not be disturbed where the defendant has not shown a substantial and meritorious defense.

Assumpsit.—Common counts. Appeal from the Circuit Court of Lee County; the Hon. JAMES SHAW, Judge, presiding. Heard in this court at the October term, 1900. Affirmed. Opinion filed February 13, 1901.

WILLIAM W. KENT, attorney for appellant.

HENRY S. DIXON, attorney for appellee.

MR. JUSTICE DIBELL delivered the opinion of the court.

This was an action of assumpsit brought by Aaron F. Kehr against the A. W. Stevens Company and Ben Timmerman. Summons was served on defendants March 28, 1900, returnable on the second Monday in April. A declaration containing the common counts was filed on March 29, 1900. On April 11th an attorney filed an appearance for defendants. On April 25th plaintiff dismissed the suit as to defendant Timmerman, and obtained a rule on defendant A. W. Stevens Company, to plead instanter. Thereafter on that day said defendant was defaulted, proofs were heard, and the court assessed plaintiff's damages against said A. W. Stevens Company at $507.27, and rendered judgment accordingly. On May 2d, at the same term, said defendant entered a motion to vacate the judgment. This was heard upon affidavits presented and was denied, and defendant appeals. The bill of exceptions contains the evidence heard upon the default, and the affidavits read upon the motion.

It is argued that the rule to plead instanter gave defendant all that day in which to plead, and that it was error to default it within ten minutes after the rule was entered; that the judgment should be vacated because of prior conversation between the attorneys for plaintiff and defendant; that as the declaration charged joint liability against two defendants, and was not amended after the dismissal as to Timmerman, the judgment is erroneous; and that a counter affidavit should not have been permitted upon the motion to vacate the judgment.

It is the ordinary rule that in an action *ex contractu* there must be proof of the joint liability of all who are charged with joint liability in the declaration, and there must be a recovery against all defendants who are served. To this rule there are exceptions. The usual exception is where one defendant has pleaded and proved a defense which,

not denying the alleged original joint liability, is personal to himself, such as a discharge in bankruptcy and the like. In Mayer v. Brensinger, 180 Ill. 110, it was held that another exception to the rule is where one is joined as a defendant who is an unnecessary or improper party. The proof offered on the default did not show that Timmerman was in any way connected with the cause of action. The proof was that A. W. Stevens Company owed plaintiff $507.27 for labor for it while plaintiff was traveling on the road for it, and for money paid out for it to its use. It would therefore seem that Timmerman was an unnecessary and improper party. Again the fact that the proof showed a cause of action against only the remaining defendant, while the allegation was of the joint liability of the two defendants, was merely a variance, and in order to avail thereof on appeal there should have been an objection to the testimony on the ground of variance, or a motion to exclude the evidence for that reason. (Mayer v. Brensinger, *supra*.) No such objection or motion was interposed, nor was the point made in the court below, where plaintiff could have amended his declaration. We therefore conclude this variance does not entitle defendant to a reversal.

Counter affidavits may be filed on a motion to vacate a judgment and set aside a default. (Hefling v. Van Zandt, 162 Ill. 162.) The counter affidavit filed disposed of any claim of hardship growing out of conversations between the attorneys. The rule to plead " instanter " required a plea " before the rising of the court." (1 Rawle's Bouvier's Law Dict., title " Instanter;" Northrup v. McGee, 20 Ill. App. 108.) Defendant's attorney in an affidavit filed on the motion to vacate the judgment, stated that said default and judgment were entered within ten minutes after the rule, and eight hours before the adjournment of the court on that day. If defendant had appeared with a plea before the rising of the court on that day, it would no doubt have been the duty of the court to vacate the judgment and default, and permit the plea to be filed, because presented for filing

strictly within the rule. But defendant did not attempt to comply with the rule, though evidently aware of it before the end of that judicial day. A motion to set aside a default and a judgment is addressed to the sound discretion of the court, and a denial of the motion will not be disturbed where defendant has not shown a substantial and meritorious defense. (Constantine v. Wells, 83 Ill. 192; Hitchcock v. Herzer, 90 Ill. 543; Culver v. Brinkerhoff, 180 Ill. 548.) The only proof tending to show a meritorious defense was the affidavit of an attorney residing at Milwaukee, who testified that he was an attorney for the A. W. Stevens Company; that on April 30th he had a conversation with the secretary of said company, who told him facts detailed in the affidavit which might constitute a defense, and in reliance upon which statement the attorney affirmed that said A. W. Stevens Company had a meritorious defense to this action. No affidavit was filed by any one stating of his own knowledge any fact constituting a defense. This conversation was five days after the default and judgment, yet the affidavit of this secretary was not procured. The affidavit filed only showed that the secretary had alleged a defense. It does not even appear that the secretary had personal knowledge of the truth of what he stated to the attorney. There was no proof of the existence of a meritorious defense, and the court did not err in denying the motion. The judgment is affirmed.