## Augusta M. Goodwillie et al. v. Louis Schaub et al., use of, etc.

1. APPELLATE COURT PRACTICE—*Review of Motion to Vacate a Judgment.*—A motion to vacate a judgment is addressed to the sound legal discretion of the trial court, and ordinarily the Appellate Court will not review its exercise, but will only do so in furtherance of justice when that discretion has been wrongfully and oppressively exercised.

**Motion to Vacate a Judgment.**—Appeal from the Superior Court of Cook County; the Hon. JOSEPH E. GARY, Judge, presiding. Heard in the Branch Appellate Court at the March term, 1900. Affirmed. Opinion filed February 19, 1901. Rehearing denied.

CLIFFORD & FULLER, attorneys for appellants.

JUDSON F. GOING, attorney for appellees.

MR. JUSTICE HORTON delivered the opinion of the court.

This suit was commenced in January, 1894, by appellees against appellants before a justice of the peace. Judgment was then rendered in favor of appellees and from that judgment an appeal was taken to the Superior Court by appellants to the February term, 1894, of that court. From that time to December 15, 1899, nearly six years, this cause was pending in that court and the final disposition thereof delayed for various reasons. The date last named it was reached on the trial call and the appeal was dismissed with statutory damages for want of prosecution. During the same term a motion was made by appellants to set aside the order dismissing the appeal and to vacate the judgment for costs and statutory damages.

The motion to vacate is based upon the contention on the part of appellants that there was an arrangement between the attorneys to pass the case upon certain contingencies. Affidavits were filed by the attorneys for the respective parties. The trial court held that there was not sufficient cause shown to justify the court in so doing and therefore the motion to set aside and vacate the order and judgment was denied.

The motion in question was addressed to the sound legal discretion of the court. " Ordinarily the Appellate Court will not review its exercise, but only do so in furtherance of justice, when that discretion has been wrongfully and oppressively exercised." Waugh v. Suter, 3 Ill. App. 271, 274. Or unless that discretion has been abused and injustice done. Andrews v. Campbell, 94 Ill. 577; Pitzele v. Latkins, 85 Ill. App. 662.

Upon a careful examination of the record, including the

affidavits filed upon the. hearing of the motion to vacate, we can not say that there has been an abuse of discretion by the trial court in overruling said motion.

The judgment of the Superior Court is affirmed.