Swigart v. Holmes.

### Charles F. Swigart v. Frank F. Holmes.

1. PRACTICE—*Reading Counter-Affidavits on Motions to Vacate Judgments by Default.*—Counter-affidavits may properly be read in resisting motions to vacate judgments by default.

**Motion to Vacate a Judgment by Default.**—Error to the Superior Court of Cook County; the Hon. AXEL CHYTRAUS, Judge, presiding. Heard in the Branch Appellate Court at the October term, 1900. Affirmed. Opinion filed June 28, 1901.

EDGAR L. JAYNE, attorney for plaintiff in error.

MOSES, ROSENTHAL & KENNEDY, attorneys for defendant in error.

MR. PRESIDING JUSTICE SHEPARD delivered the opinion of the court.

This suit in error questions an order of the Superior

Court overruling a motion by the plaintiff in error to vacate a judgment by default entered against him, and denying him the right to come in and plead and defend.

The suit in which the judgment by default was entered was upon a promissory note for $1,295 made by one William F. O'Hearne and guaranteed in writing on the back thereof by the plaintiff in error.

On the hearing of said motion there was read to the court, in support thereof, the affidavits of plaintiff in error and his co-defendant in said suit, the said O'Hearne, the tendency of one or both of which affidavits was to show, first, that plaintiff in error was misled into paying no attention to the suit on the note by some claimed misleading matter contained in a written memorandum descriptive of the suit, which was left with him by the deputy sheriff at the time the summons in said suit was served upon him; second, that the note sued on had been fraudulently altered since its delivery, by the insertion of words making it an interest-bearing note, when it was in fact at the time of its delivery a non-interest bearing note; and third, that there had been certain indorsements of payments of agreed advance interest made on the note without the knowledge or consent of plaintiff in error, as guarantor, whereby the note became a different and more burdensome obligation than the one he guaranteed.

Certain counter-affidavits were permitted by the court to be read on the hearing of the motion, over the objection and exception of plaintiff in error, in flat contradiction of the affidavits read in support of the motion, and the first question we need to consider is whether the Superior Court committed error in admitting the counter-affidavits to be read. There is not entire uniformity, even in the Supreme Court decisions, as to whether counter-affidavits may be received upon a motion to set aside a default. (Mendell v. Kimball, 85 Ill. 582; Hefling v. Van Zandt, 162 Ill. 162.) But the latest decision above cited holds in favor of the practice. Following that decision, the counter-affidavits were properly received on the hearing of the motion.

It then only remains to be considered whether there was such an abuse of the discretion of the judge before whom the motion was made, in denying the motion, that we should reverse the order. In Pitzele v. Lutkins, 85 Ill. App. 662, we lately had occasion to speak, generally, of the conditions under which the power of this court will be exercised to review the discretion of a lower court in refusing to vacate a default judgment. The principles there referred to are applicable to this case.

Considering the counter-affidavits as we must, the merits of the defense set up by the affidavits in behalf of the plaintiff in error are fairly borne down, and we are left on this record without that clear showing of a meritorious defense, which, under all the authorities, is the most important element to be established in an application to open a default judgment. Affirmed.