Richard Guthmann Transfer Company, Plaintiff in Error, v. Bryant & Stratton Business College, Defendant in Error.

Gen. No. 16,725.

1.   APPEALS AND ERRORS—*when plaintiff cannot complain that case was tried without a jury.*   The plaintiff cannot complain on appeal from a Municipal Court judgment in a case of the fourth class that the case was heard without a jury, where no jury was demanded by him, at the commencement of the suit, as allowed in such cases by Municipal Court Act, § 30.

2.   MUNICIPAL COURT—*demand for jury trial.*   Under the Municipal Court Act, § 30, the defendant in a case of the fourth class may withdraw a demand for a jury trial at any time before trial.

Error to the Municipal Court of Chicago; the Hon. HARRY OLSON, Judge, presiding. Heard in the Branch Appellate Court at the October term, 1910. Affirmed. Opinion filed October 3, 1912.

ADOLPH MARKS, for plaintiff in error; ELIJAH N. ZOLINE, of counsel.

HARRIS F. WILLIAMS, for defendant in error; ELDON M. VOTAW, of counsel.

MR. PRESIDING JUSTICE GRIDLEY delivered the opinion of the court.

On February 9, 1910, the Richard Guthmann Transfer Company, plaintiff in error and hereinafter called plaintiff, commenced a fourth class suit in the Municipal Court of Chicago to recover of the Bryant & Stratton Business College, defendant in error and hereinafter called defendant, the sum of $25, the same being a balance due it, as it was claimed, on a contract for moving certain property and effects of the defendant from one location in the city of Chicago to another location, and also to recover for the value of three trunks alleged not to have been returned by defendant to plaintiff, and also for certain extra work done, making a total claim of $61. At the time of commencing the suit plaintiff did not demand a jury. On February 15, 1910, the appearance of the defendant was entered and a demand, in writing, of a trial by jury filed. At the same time the defendant filed a statement of set-off or counter-claim, in which it admitted that it had paid only $525 on the $550 contract made with plaintiff, denied any liability on plaintiff's claim for extra work, and as to the three trunks said that they were held by defendant subject to plaintiff's order, and that plaintiff could have them at any time. The defendant further claimed the sum of $262 of the plaintiff for damage occasioned by plaintiff to the property of the defendant in moving the same under said contract. The items of this counter-claim

were set forth in the statement filed. On May 10, 1910, the case was called for trial, but no attorney or representative of the plaintiff appeared. Whereupon the defendant withdrew its demand for a jury, and the court, after hearing the evidence and argument of counsel, and being fully advised, found the issues for the defendant on its counter-claim and assessed defendant's damages at the sum of $237, upon which finding judgment was entered. On May 31, 1910, plaintiff appeared by attorney and moved the court to set aside said judgment. This motion was supported by affidavits, and a counter-affidavit was also presented. The court, after considering the affidavits and the arguments of the respective counsel, denied the motion and the case is before us on this writ of error.

Counsel for plaintiff contends that the refusal of the court to set aside the judgment was a manifest abuse of its discretion. We have examined the record with considerable care, and cannot agree with the contention. Hartford Life Insurance Co. v. Rossiter, 196 Ill. 277; Bowman v. Wood, 41 Ill. 203; Pitzele v. Lutkins, 85 Ill. App. 662.

Counsel for plaintiff further contends that the court erred in allowing the defendant, after it had demanded a jury, to withdraw that demand in the absence of plaintiff, and in hearing evidence without a jury. Under Section 30 of the Municipal Court Act, plaintiff could have demanded a jury trial at the time its suit was commenced, but plaintiff did not do so and therefore it cannot now complain. While it is true that defendant demanded a trial by jury, it was defendant's privilege, under said section of the act, to withdraw that demand at any time before the trial, which was done. The judgment of the Municipal Court is affirmed.

*Affirmed.*