Sadie Risedorf, Defendant in Error, v. James Fyfe, Plaintiff in Error.

Gen. No. 32,619.

ℓ

Opinion filed October· 3, 1928.   Rehearing denied and opinion modified October 17, 1928.

McGinnis & Sadoski, for plaintiff in error.

Maxwell R. Herman and Werner H. Sommers, for defendant in error.

Mr. Presiding Justice Holdom delivered the opinion of the court.

This is an action on the case for personal injuries resulting from the automobile of defendant striking and injuring the plaintiff.   Originally James Fyfe and his wife, Ruth Fyfe, were defendants.   At the trial defendant Ruth Fyfe was dismissed out of the case.

The defendant, James Fyfe, was served with a *pluries* summons returnable to the January term, 1926, of the court, and as to Ruth Fyfe, *pluries.* summons was returned not found.   The summons was served too late for the January term, and under the statute the cause stood continued to the February term.   On February 15, 1926, the first day of the February term, the defendants entered their appearance in writing in their own proper persons, giving their street address where notices could be served on them in compliance with section 16, chapter 110, R. S., of the Practice Act, Cahill's St. ch. 110, ¶ 16.

Neither of the defendants pleaded to the ·action and on April 8, 1926, both of them were defaulted without giving any notice to either of the defendants of such intended action.   On April 29, 1926, plaintiff dismissed as to the defendant Ruth Fyfe, and the cause proceeded to trial against the defendant James Fyfe, without the giving of any notice of such proposed

trial when a jury was impaneled, who assessed plaintiff's damages at the sum of $7,500 against James Fyfe, and a judgment thereon was entered by the court.

At the time of the trial defendant was not present in court and the case was not on the regular trial call.

On October 7, 1927, defendant James Fyfe filed a motion to vacate the judgment. To this plaintiff interposed a demurrer which the court sustained, and this writ of error is sued out in an effort to reverse the judgment and the proceedings leading thereto.

There is found in the bill of exceptions Rule 20 of the circuit court, which reads:

"No motion will be heard or order made in any cause without notice to the opposite party when an appearance of such party has been entered, except where a party is in default or when a cause is reached on the trial calendar."

Neither of the defendants could be held to be in default until the expiration of a rule upon them to plead, and no notice of any application for a default was served upon defendants. In these circumstances the court proceeded to an assessment of damages without jurisdiction so to do.

Under section 16, *supra,* defendants were entitled to notice of an application for a default against them, and for the assessment of damages. With their appearance on file they had the right to appear in the absence of any plea to the declaration and to cross-examine witnesses in diminution of damages, and to offer evidence for the like purpose.

The action was for unliquidated damages. By section 44, Cahill's St. ch. 110, ¶ 44, it is provided that "On the appearance of the defendant or defendants, the court may allow such time to plead as may be deemed reasonable and necessary." And in section 57, Cahill's St. ch. 110, ¶ 57, it is provided that "For

want of appearance the court may give judgment by default, except in cases where the process has not been served, or declaration filed, ten days before the term of the court.''

A defendant entering his appearance is entitled by the statute and under the rule, *supra,* to notice of all steps to be taken in the action and no default can legally be entered against a defendant whose appearance has been entered in writing without notice, as provided by the statute and Rule 20, *supra.*

There is a distinction between a defendant who is defaulted for want of a plea where there is no appearance, and where one enters his appearance without pleading. One who fails to enter an appearance or plea is subject to be defaulted without notice, but where a defendant enters his appearance a default cannot be taken against him without notice, nor any step in the proceeding taken without giving him notice.

In *American Mail Order Co. v. Marsh,* 118 Ill. App. 248, it was held that the entry of an order of default against a defendant whose appearance has been entered and is on file, without notice to such defendant of such application, is erroneous, and that such defendant is not in default until there has been a rule entered against him to plead, saying: ''After appearance, he is entitled to notice of every step in the case until a default has been regularly entered against him. Appellant, having entered its appearance, was therefore entitled to notice of the execution of the writ of inquiry as to the amount of damages. *Cairo & St. L. R. R. Co. v. Holbrook,* 72 Ill. 419; *Kalkaska Mfg. Co. v. Thomas,* 17 Ill. App. 235.''

In *Plaff v. Pacific Exp. Co.,* 251 Ill. 243, it was held that it was error to enter a judgment by default without notice, where a defendant had a written appearance on file. While in that case the Supreme Court refused to disturb the judgment, the ground of it was that the defendant, or his attorney, had been guilty of

negligence. There is no negligence in this case claimed to be attributable to defendant.

In *Straus v. Biesen,* 242 Ill. App. 370, the court held that it was error to assess damages without notice to defendant whose appearance was on file, and for that reason reversed the judgment.

Proceedings under section 89 of the Practice Act, Cahill's St. ch. 110, ¶ 89, required the court to pass on the question as to whether there was an error in fact in the record before it. We will presume that if the court had known that the defendant had his appearance upon file, and that no notice had been given him of the application for default and judgment, the court would not have proceeded to assess the damages in the case. The absence of notice was a question of fact which was not brought to the attention of the court, and did not involve a question of law. The question of law must be based upon the fact, and the law was that without notice to the defendant, whose appearance was on file, there could be no valid judgment. That no notice was given, and that defendant's appearance was on file, were matters of fact which were unknown to the court.

For the errors above pointed out, the order of default is vacated and the judgment of the circuit court is reversed with directions to permit the defendant, James Fyfe, to appear and plead to the merits of the action.

*Reversed and remanded with directions.*

TAYLOR and WILSON, JJ., concur.