## Charles Mercer, Appellee, v. Alta Mercer, Appellant.

Opinion
filed May 29, 1933.

HARRY FAULKNER and HENRY B. EATON, for appellant.

I. H. STREEPER, III, and ROSCOE FORTH, for appellee.

MR. JUSTICE FULTON delivered the opinion of the court.

This is an appeal from an order denying the motion of appellant to vacate decree, set aside default and for leave to file answer or plea.

Appellee filed a bill for divorce on May 10, 1932, the summons being made returnable to the May term of the Madison county circuit court, which convened on the fourth Monday of May.

Appellant was not served with summons but entered her appearance in writing on the day the bill was filed. On May 13, 1932, the court entered a rule upon the appellant to answer instanter. The appellant, nor anyone for her, was in court, and default was taken against her, the proofs heard and decree of divorce entered.

It is insisted in brief of counsel for appellant that, on the same date, May 13, 1932, just before the adjournment of the March term of said court, that an

oral motion was made in behalf of the appellant to vacate said decree, but the record does not show any reference to such motion. On June 22, 1932, the written motion, supported by affidavit of appellant, was filed to vacate decree, set aside default and for leave to answer.

The merits of the bill for divorce are not in contro-versy here because no appeal was taken from the entry of the decree.

The entry of appearance signed by appellant was entitled to the March term, A. D. 1932, of the circuit court and reads as follows:

"I, Alta Mercer, defendant in the above-entitled cause, do hereby enter my appearance and waive service of process by the Sheriff ten days prior to the beginning of the present term of court; and consent to the entering of a default at this term of court; and to any and all orders that may be entered, the same as though I was personally present in court.

"Alta Mercer.

"Witness to Signature
"I. H. Streeper, III."

Before any default was taken a rule was entered upon appellant to answer instanter. Since she was not in court and no one appeared for her, appellant under this rule had the entire day in which to answer and appellant could not be held in default until the expiration of a rule upon her to plead. A rule to plead "instanter" requires a plea "before the rising of the court." *A. W. Stevens Co. v. Kehr,* 93 Ill. App. 510; *Northrop v. McGee,* 20 Ill. App. 108; *Risedorf v. Fyfe,* 250 Ill. App. 122.

Appellant not being in court, and having no notice of the rule, had until the end of that judicial day in which to plead. The court was without power to order the default taken, to hear testimony and to enter the decree before such time expired.

It is the judgment of this court that the trial court prematurely entered default against appellant and should have granted the motion to vacate the decree of divorce.

The decree of the circuit court is therefore reversed and the cause remanded, with directions to set aside and vacate the decree of divorce entered in said cause.

*Reversed and remanded with directions.*