Fleshia Isabel Phegley, Appellee, v. Kroger Grocery and Baking Company, Appellant.

Opinion filed September 16, 1935.

LEAHY, SAUNDERS & WALTHER, of St. Louis, and CHESTER H. FARTHING, of East St. Louis, for appellant.

MANUEL M. WISEMAN, of Alton, and PHILIP G. LISTEMAN, of East St. Louis, for appellee.

MR. JUSTICE STONE delivered the opinion of the court.

This is a civil action at law for $3,000 damages for injuries to the health of the plaintiff Fleshia Isabel Phegley, alleged to have resulted from eating boiled ham purchased at the retail store of defendant Kroger Grocery and Baking Company in Alton. It is claimed that the ham was unwholesome, impure, diseased and unfit for human consumption.

This cause comes to this court on appeal from an order denying a motion of the defendant to set aside an order of default, vacate a judgment and allow defendant to plead.

The complaint, request for summons and demand for jury trial were filed June 9, 1934, and on that day summons was issued, returnable on the first Monday in July, 1934, or, in the alternative, on the third Monday in July, 1934. The summons was filed June 12, 1934, the return of the sheriff of Madison county being as follows:

"I have duly served the within by reading the same to the within-named defendant Kroger Grocery and Baking Company, a corporation, by reading the same to and leaving a true copy thereof with R. M. Sampson, manager of the meat market of said Kroger Grocery and Baking Company, a corporation, and at the same time delivering a true copy thereof this 11th day of June, 1934."

On July 31, 1934, no appearance having been made by the defendant and no pleading having been filed by it, the plaintiff appeared by counsel, and the court entered an order that the defendant answer the complaint instanter.

Without waiting until the next court day, but immediately thereafter and on the same day, an order of default was entered against the defendant, plaintiff was allowed to withdraw her request for a jury trial, evidence was heard by the court, a judgment was entered against the defendant for $2,000 and costs of suit, and execution was ordered to be issued thereon. It is claimed that orders in other cases were entered by the court after this judgment before the end of that court day.

The defendant was not present in court on that day, was not represented by counsel and had no notice of the rule to plead instanter.

On August 21, 1934, within 30 days after said default and judgment, defendant filed its motion to set aside the order of default, vacate the judgment and for leave to file its answer to the complaint. An answer was tendered with said motion.

On its motion to vacate the judgment defendant-appellant went far to procure evidence that it was free from negligence in the premises and that it had a meritorious defense to the whole of plaintiff-appellee's demand. As this case must be disposed of on other grounds, it is unnecessary to go into those subjects.

On the 31st day of July the following among other proceedings were had:

"Rule on defendant-appellant to plead instanter, order of default and judgment. Follows the judgment."

Two lawyers make affidavits that they were in court when the above judgment was rendered; and that they thereafter transacted business with the court that same day. It appears, without question, that after the rule to answer instanter was entered, defendant-appellant was not given the remainder of that court day in which to answer. This it was entitled to. This same question was before this court in *Mercer v. Mercer,* 271 Ill. App. 307. We there said:

"Before any default was taken a rule was entered upon appellant to answer instanter. Since she was not in court and no one appeared for her, appellant under this rule had the entire day in which to answer and appellant could not be held in default until the expiration of a rule upon her to plead. A rule to plead 'instanter' requires a plea 'before the rising of the court.' *A. W. Stevens Co. v. Kehr,* 93 Ill. App. 510; *Northrop v. McGee,* 20 Ill. App. 108; *Risedorf v. Fyfe,* 250 Ill. App. 122.

"Appellant not being in court, and having no notice of the rule, had until the end of the judicial day in which to plead. The court was without power to order the default taken, to hear testimony and to enter the decree before such time expired."

It is claimed that there is a distinction because the *Mercer* case came under the Practice Act of 1907 while

the case at bar is under the Civil Practice Act. Section 57 of the old act reads as follows:

"57. Judgment by default. For want of appearance the court may give judgment by default, except in cases where the process has not been served, or declaration filed, ten days before the term of the court."

Paragraph 6 of section 50 of the Civil Practice Act, Ill. State Bar Stats. 1935, ch. 110, ¶ 178, reads as follows:

"(6) Judgment by default or a decree *pro confesso* may be entered for want of an appearance, or for failure to plead, but the court may in either case, require the plaintiff to prove the allegations of his complaint."

We fail to note any distinction. Neither is there force in the other argument presented that it is any more the duty of the court to see that all parties are before the court in divorce cases, such as the *Mercer* case, *supra.* The obligation in a divorce case is no more solemn than in case of a judgment at law.

The law is well settled in this State that a rule to plead instanter gives the defendant against whom the rule is taken, the rest of that court day in which to plead. Manifestly with defendant having all the court day on which the rule to answer instanter was entered to file its answer, the court had no authority to enter default and judgment against it that day.

The judgment of the city court is reversed and this cause is remanded with instructions to that court to allow defendant-appellant's motion to vacate the judgment and for leave to answer.

*Reversed and remanded with directions.*