## J. D. Gray, Appellee, v. The Kroger Grocery and Baking Company, Appellant.

Opinion filed March 9, 1938.

LEAHY, WALTHER, HECKER & ELY, of St. Louis, Mo., ARTHUR F. MELVIN, of Marion, and WHEATLEY & COMBE, of Harrisburg, for appellant.

A. W. SUMMERS, of Eldorado, for appellee.

MR. PRESIDING JUSTICE STONE delivered the opinion of the court.

This is an appeal from an order denying defendant's motion to set aside an order of default and vacate a default judgment for $5,000 and allow defendant to plead.

This suit is a civil action at law for $10,000 for injuries to the health of plaintiff J. D. Gray alleged to have resulted from drinking cocoa prepared with Pet Brand Evaporated Milk purchased in a sealed can from defendant The Kroger Grocery & Baking Company, which can of milk plaintiff claims contained the decomposed body of a mouse. The complaint which was filed February 16, 1937, consists of four counts. The preliminary matters of inducement common to all four counts are that on November 16, 1936, defendant The Kroger Grocery & Baking Company, a corporation, was engaged in the retail business of selling provisions, milk and other food for immediate domestic use in Eldorado, Illinois; that on that date plaintiff, while in the exercise of due care, purchased at this store a can of evaporated milk for immediate consumption by himself and family, which purpose was known to the defendant and that defendant warranted that the milk was good, sound, healthy and wholesome and fit to be used as human food, but that it was of such a character that it was unsound, impure, unhealthy, unwholesome and poisonous, all of which was unknown to plaintiff. That plaintiff thereafter caused a portion of the evaporated milk to be cooked with water and cocoa and that after drinking same he was made ill.

Count I is predicated upon an implied warranty. Count II is predicated upon an alleged violation of the duty imposed upon defendant by the law of Illinois to sell only good, safe, pure and wholesome food. Count III is predicated upon the alleged violation of the law of Illinois providing that no one should sell any flesh of any diseased animal or other corrupt or unwholesome provision. Count IV is predicated upon an alleged violation of the law of Illinois with respect to adulterated foodstuffs.

Summons on this complaint was issued February 16, 1937, returnable on the third Monday of March, 1937, or if served less than 20 days from said return date, then on the first Monday of April, 1937.

The Sheriff's return on this summons was as follows:

"State of Illinois ⎰
County of Saline. ⎱ ss.

"I have duly served the within by leaving a copy thereof with Frank Ragsdale, Manager and Agent of the Kroger Grocery and Baking Company, a corporation, personally, as I am herein commanded, this 16 day of February, 1937.

Earl Evans, Sheriff."

On March 19, 1937, a rule was entered against the defendant to answer by 9 o'clock a. m. of March 22, 1937, and on the latter date defendant, having not appeared nor answered, an order of default was entered against defendant, and on April 7, 1937, judgment was entered against the defendant for $5,000 and costs. The defendant was not present in court nor represented by counsel on either of these dates and had no notice of the rule to plead on March 22, 1937.

On May 4, 1937, and within 30 days after the entry of said default judgment defendant filed its motion to set aside the order of default and to vacate the judg-

ment, and for leave to file its answer to the complaint, which answer was tendered with said motion.

Appellant's motion was accompanied by certain affidavits to the effect that it had shown due diligence in making the motion and that it had a meritorious defense. Later appellee filed his cross motion asking the court to deny defendant's motion to set aside the default and vacate the judgment. On a hearing on the two motions together the court denied defendant's motion to set aside the default and judgment, and granted appellee's cross motion to strike the affidavit filed by defendant and to deny the motion to set aside the default judgment.

We are not impressed with the appellant's showing of diligence in this matter. This is not this litigant's first offense. In *Phegley v. Kroger Grocery & Baking Co.*, 281 Ill. App. 544, it failed to answer a summons issued on June 9, 1934, and served on it on June 11, 1934, until default was had on July 31, 1934. It then moved on August 21, 1934. We reversed the judgment there rendered because of an erroneous ruling of the court in entering the default immediately after ruling defendant to answer instanter.

It is the law that is to be respected, and not a litigant's system of passing court processes from person to person until it reaches some one who will pay attention to it.

Was the service of this summons such as to require appellant to answer the complaint and such as to clothe the court with jurisdiction of the person of appellant, with authority thereby to enter judgment by default in the event that it did not answer? We must look to the sheriff's return.

Section 8 of the Practice Act of 1907 recites many incidents which are requisite to proper substituted service, and our Supreme Court has held, notably in

*Werner v. W. H. Shons Co.*, 341 Ill. 478, that the terms
and all of the terms of that section must be fully com-
plied with in order to vest the court with jurisdiction
on such service. Section 8 provided for a cumbersome
method of this character of service. The legislature,
when it enacted the Civil Practice Act had in mind the
simplifying of service and procedure. It must have
seen the difficulty of service under section 8 of the old
act and must have attempted to simplify that to the
largest possible degree. Consequently it enacted in
lieu of said section 8, section 17 of the present Act.
That section is in words and figures as follows [Ill.
Rev. Stat. 1937, ch. 110, § 141; Jones Ill. Stats. Ann.
104.017]:

"§ 17. (Service on private corporations.) An incor-
porated company may be served with process by leav-
ing a copy thereof with any officer or agent of said com-
pany found in the county; and in case the officer or
other person attempting to make service shall make
return or affidavit upon such process that he cannot in
his county find any such officer or agent of said com-
pany, then such company may be served in any other
county of this State, in the manner provided in section
10 of this Act, or may be notified by publication and
mail in like manner and with like effect as is provided
in sections 14 and 15 of this Act." Reading this sec-
tion on consideration of the service of the sheriff which
is complained of here, we are of the opinion that said
section was substantially complied with in this service.
The service recites "I have duly served the within."
Appellant asks what is meant by the "within." Then
follows the language "by leaving a copy thereof." It
is obvious from the language that what he served was
the summons. It surely would not be claimed that he
left a copy of the Kroger Grocery and Baking Com-
pany; so that it is perfectly plain from the language

that he served the within writ just the same as if he had recited that in so many words. The language of the statute is plain; it may be served by leaving a copy thereof with any officer or agent of said company found in the county. The return recites that it was served on Frank Ragsdale, manager and agent of the Kroger Grocery & Baking Company, a corporation, personally. There is nothing, as is required in the old act, to show where the president is, or that he cannot be found, or any of the numerous things that are required by that act. Corporations may be served under the present act by leaving a copy with any agent or servant of defendant. This the sheriff did according to his return. It is claimed that it does not show in which county it was served. The summons is in regular form. It shows who is to be served; it bears test in the name of the clerk of the county of Saline and has the return of the sheriff of Saline county upon it. We know of no rule which requires a sheriff to recite in his return that he served it in a particular county. It is too obvious to require further elucidation.

We are of the opinion that the summons in this case, served as the return shows that it was served, clothed the trial court with jurisdiction of the person of appellant; that the court, therefore, had jurisdiction to act, on failure of defendant to plead.

The affidavits submitted by appellant show that this summons was passed around from one party to another, some of them disclaiming responsibility, until it finally reached the hands of some one who gave it attention. This is not the kind of diligence that business people employ in the serious matters of business in this day and age of the world. The processes of the court must be regarded; otherwise practice and procedure in courts will soon become chaotic. As said before, this is not the first instance in which appellant has been guilty of conduct of this character which has

been brought to the attention of this court. Litigants may not select their own time in which to plead. They must follow the established rules of procedure.

Under all the circumstances in this case we are of the opinion that the trial court did not abuse its discretion in entering judgment by default, and its judgment is, therefore, affirmed.

*Judgment affirmed.*