## AMOS ATKINS

### v.

## LEWIS W. MOORE, use, etc.

1. REPLEVIN BOND—*suit on by sheriff*. A suit brought by a sheriff upon a replevin bond may, like any other suit by one having the legal right of action, as respects the defendant, be brought for the use of whatever person the sheriff chooses, and it is not necessary that the one for whose use the suit is brought should have any interest or connection otherwise with the subject of the suit.

2. MEASURE OF DAMAGES—*in suit by one having special property*. In an action on a replevin bond, a party having a special property in the articles replevied is entitled to recover, as against a stranger having no interest therein, not merely to the extent of his special interest but the full value of the property, and the excess beyond his special interest he will hold in trust for the general owner.

APPEAL from the Circuit Court of Madison county; the Hon. WILLIAM H. SNYDER, Judge, presiding.

Messrs. GILLESPIE & HAPPY, for the appellant.

Messrs. DALE & BURNETT, for the appellee.

Mr. CHIEF JUSTICE SHELDON delivered the opinion of the Court:

This is an appeal from a judgment against the principal and one of his sureties, upon a replevin bond.

The replevin bond was given to Lewis W. Moore, sheriff, in a suit of replevin, brought by Amos Atkins against Thomas Byrnes. The present suit on the replevin bond was brought in the name of Lewis W. Moore, late sheriff, etc., for the use of William Cool.

It is insisted, first, that, under the statute, the suit could be brought in the name of the sheriff, for the use of only the defendant in the replevin suit, and that it can not be brought for the use of a person not a party to the replevin suit, and that, even if it could be, the interest of such person and his connection with the bond must be set forth in the declaration.

All that there is of the statute on the subject is, that the sheriff, or plaintiff, in the name of the sheriff to his own use, may maintain an action on the bond.

We see nothing in this to interfere with the general rule, that the party in whom is the legal right of action may, as respects the defendant, bring his suit for the use of whatever person he likes; that it is no concern of the defendant for whose use the action may be brought, and that it is not necessary that the one for whose use a suit may be brought, should have any interest or connection otherwise with the subject of the suit. There is no force in this objection.

It is next insisted, that the court erred in the rejection of evidence.

William Cool was examined as a witness on the trial of the cause, and testified that Thomas Byrnes, the defendant in the replevin suit of Atkins against Byrnes, was acting as his agent under the distress-warrant alluded to in that case; that Byrnes had possession of the mules when they were replevied by Atkins; that they were worth $300, and were, at that time, his property, whereupon he was inquired of by defendant's counsel how much was the amount of his lien against the mules, and, on objection taken, the court excluded the question. This is assigned as error.

So far as appears from the record, Atkins was a mere stranger, having no interest in the mules. In such case, it would be immaterial how much was the amount of Cool's lien upon

the mules. Having a special property in them, he, as against a stranger, would be entitled to recover, not merely to the extent of his special interest, but the full value of the mules, and the excess beyond his special interest he would hold in trust for the general owner. *Broadwell* v. *Paradice*, 81 Ill. 474. Cool, in his testimony, speaks of the distress warrant as one alluded to in the replevin suit of Atkins against Byrnes. On reference to one of the pleas in that case, we observe that Byrnes sets up that, as bailiff under a distress warrant issued by Cool, he took the property as a distress for $230 rent due from one William A. Skeen to Cool.

Atkins, who was examined as a witness in the present suit, testifies, that when the mules were replevied by him under his chattel mortgage, he placed them in the possession of Byrnes, and that Byrnes, as his (Atkins') agent, went on and sold the mules, under said chattel mortgage, at public auction, for the sum of $225, they being bid in by him, Atkins. Had it appeared that this was a valid chattel mortgage, given by Skeen to Atkins, then, if Cool held the property as a distress for rent due from Skeen, the inquiry as to the amount of Cool's lien would have been material, as Atkins would be the general owner, and, as against the general owner, Cool's recovery would be limited to his special interest—the amount of rent due him. *Warner* v. *Matthews*, 18 Ill. 83. But it does not appear that the chattel mortgage was given by Skeen, or any one having any interest in the property. The chattel mortgage itself does not appear in the record, and the above general mention of it by Atkins is all that appears in regard to it in the record.

We find no error, appearing by the record, in the exclusion of the evidence.

It is claimed, that the amount at which the property sold for at public auction under the chattel mortgage, was the true criterion of its value. This would be but evidence tending to prove value. It would not be conclusive evidence of value.

Finding no error, the judgment is affirmed.

*Judgment affirmed.*