## ANTON GRESER

v.

## THE PEOPLE, FOR USE, ETC.

*Principal and Surety—Masters in Chancery—Action on Bond—Fees—Set-Off—Decrees—Joinder of Issue.*

1. The sureties on the official bond of a master in chancery are bound by his agreement to accept less than his legal fees.
2. A decree fixing the fees of a master in chancery at less than the law allows can not be attacked by his sureties in an action on his official bond.
3. In such an action, the people being the real plaintiffs, defendant can not raise a question as to the uses for which the action was brought.
4. Where a party has, without objection, gone to trial without joinder of issues, he can not complain on appeal.

[Opinion filed May 28, 1890.]

APPEAL from the Circuit Court of Marshall County; the Hon. T. M. SHAW, Judge, presiding:

Mr. FRED. S. POTTER, for appellant.

Mr. JOHN BURNS, for appellees.

C. B. SMITH, J.   This was an action of debt, brought on
the bond of Edward J. Reilly, master in chancery of Mar-
shall county, against Reilly and his surety, Anton Greser.
The bond was in the penal sum of $5,000, and signed by E. J.
Reilly as principal, and Anton Greser as surety.   The bond
was in the usual statutory form.   Greser, the surety, only,
appeared and defended the action.   The declaration, after
reciting the bond and alleging that Reilly had entered upon
the discharge of his official duties, alleges that at the June
term of the Circuit Court for 1886, a decree in partition for
the sale of certain premises had been rendered, and that
Reilly's term of office was about to expire, and that, in order
to get the parties interested in the decree for partition to
allow him to execute the decree, he agreed to sell the
land and accept $50 in full for his fees;   that the heirs
and parties interested in the decree accepted his proposition,
and that he thereupon sold the land, in part execution of the
decree, for the sum of $16,142.10;  that he received out of
the proceeds of the sale $1,923 in cash, paid the solicitors
$300, as required by the decree, and reported his proceedings
to the court, which was afterward approved.   In his report
to the court he reported his fee at $50, which was also ap-
proved and allowed by the court.

It is averred that the master had retained and failed to pay
over of this money to the parties entitled to it, $1,573.

To this declaration several pleas were filed, the fourth one
being that Reilly had paid over all the moneys according to
the order of the court.   The only question arising on this
record falls under this fourth plea, and no other plea will be
noticed.

The proof supports the allegations in the declaration as to
Reilly's agreement to make this sale for $50, for the heirs
that he did make it, and received the amount of money stated
in the declaration ; that he reported the sale, and also his
fee at $50, and that this report was approved by the court
and he was directed to pay over the balance according to the
terms of the decree.   It is agreed that he and his surety
did finally pay all the money he received except $200,

Greser v. The People.

and that out of that sum he had the right to retain the $50 allowed him by the court, being the sum he himself reported as due him for his services in keeping with his agreement to do the work for that sum. The surety now insists that, notwithstanding this agreement to execute the decree for $50, the master may still charge the full limit allowed him by law, which in this case he insists is $200, and that the sureties are not bound by the contract of their principal to charge less than his legal fee for his services, and that he may set up the residue of the fee as a full set-off or payment to plaintiff's claim.

We can not concur in this view of the law. We see no valid reason why the master might not agree to execute a decree for less than the fees allowed by law, if he so desired. There was nothing illegal nor anything contrary to public policy in such an agreement. It in no way affected the bond or liability of the sureties. The amount of the fees a master shall receive does not enter into or form any part of the contract of sureties, except in so far as the bond is a guarantee that he shall not charge or retain more fees than he is allowed to retain by law, or by decree of the court.

But, waiving the question of the master's right to remit any part of his fees, the record here discloses that his fees were fixed and determined by the decree of the court. He reported that his fees and charges were $50, and the court approved that charge and allowed him to retain that sum, and directed the remainder to be paid out according to the interests of the parties. That decree was a valid and binding decree, both on the master and his sureties, as well as upon all parties interested in the estate, and concludes all parties to it until reversed, no matter how erroneous it may have been. The surety can not raise that question in this collateral proceeding.

It appears that after the order of distribution was made, and before any money was paid under the order, one of the heirs died, and his interest went to his heirs, making a supplemental decree necessary, which was afterward made by the court, directing to whom the master should pay the interests

of the deceased heir. This suit is brought to recover a part of the interest of the deceased heir, which went, by decree of the court, to the usees in this suit.

Appellant now contends that this suit can not now be maintained for the use of the heirs who inherited directly from one of the parties to the original suit, for the reason that the interest, being in money, must go to the administrator, and not to the heir. This claim is not tenable for two reasons: First, because the court directed the master to pay the money to the usees in this suit, and the court, having jurisdiction of the parties and the subject-matter, was authorized to make that decree, and it was binding until reversed, and the surety can not attack that decree collaterally; second, because the people are the real plaintiffs in this suit; the obligation is to them, and it is a matter of no concern to the defendant what the people do with the money when they get it, or for whose use the suit is begun. Atkins v. Moore, 82 Ill. 240; Northrop v. McGee, 20 Ill. App. 108.

It is, again, objected that a trial was had without any issue being joined on the special pleas. We find, upon inspection of the record, that the pleadings are involved in such interminable confusion, that it is very difficult, if not impossible, to find what were the issues before the trial court. But this question was not raised before the court below. If no issues were joined and the parties went to trial without an issue, they have waived that right. There was no motion in arrest of judgment below, nor is that error included in the assignment of errors in this court; and, even if any such error existed, it has not been brought before us by a proper assignment, so that we can consider it.

Appellant insists that the court erred in giving the 3d, 4th and 5th instructions asked by appellee. We think these instructions announced a correct rule of law, and were applicable to the case at bar.

Finding no error in the record, the judgment is affirmed.

*Judgment affirmed.*