### John Klinger v. Joseph Schlitz Brewing Company.

#### Gen. No. 4,898.

1. BILL OF SALE—*when, not essential to pass title.* A bill of sale is not necessary to transfer the title to personal property, where possession is taken immediately after the consummation of the purchase, and such possession is retained by the purchaser.

2. STATUTE OF FRAUDS—*section 7 construed.* This section, which provides that " Where any loan of goods and chattels shall be pretended to have been made to any person, with whom, or those claiming under him, possession shall have remained for the space of five years, without demand made and pursued by due process of law, on the part of the pretended lender * * * the same shall be taken as to creditors and purchasers of the person aforesaid so remaining in possession, to be fraudulent, and that the absolute property is with the possession, unless such loan, reservation or limitation of use or property were declared by will or deed in writing, proved and recorded,"— is not limited to purchasers who have completed the payments for the property so claimed to have been loaned by the party seeking to recover the same.

Action of replevin. Appeal from the Circuit Court of Marshall County; the Hon. THEODORE N. GREEN, Judge, presiding. Heard in this court at the April term, 1904. Reversed with finding of facts. Opinion filed August 24, 1904.

JOHN F. GOLDEN and JAMES W. TRACEY, for appellant.

H. H. DICUS and E. D. RICHMOND, for appellee.

Mr. Justice Dibell delivered the opinion of the court.

This is an action of replevin brought by Joseph Schlitz Brewing Company against John Klinger to recover certain saloon fixtures. The sheriff served the writ, took a forthcoming bond from defendant, and left the goods in his possession. Defendant pleaded *non cepit, non detinet*, property in defendant, property in James J. Bamrick, and a fifth plea under section 7 of the Statute of Frauds, to the effect that said goods and chattels were purchased by and came into the possession of defendant in good faith, for a valuable consideration, on June 25, 1903, from James J. Bamrick, and that Bamrick came into possession of said goods and chattels on or before March 11, 1898, and remained continuously in said possession until the said purchase by defendant; and that there was no evidence in writing or of record to show that any reservation or limitation of said goods and chattels had ever been made, or that any demand had been made or pursued by due process of law on the part of plaintiff, prior to the said purchase by defendant. Issues were joined upon these pleas, the replication to the fifth plea averring that the said goods and chattels were not purchased by and did not come into the possession of defendant as in that plea alleged, and that Bamrick did not come into the possession and remain in the possession of said goods and chattels, as in said plea alleged. There was a sixth plea, to which a demurrer was sustained, and that ruling is not assigned for error. Upon a jury trial there was a verdict finding the right of property in plaintiff and assessing its damages at $300. Defendant moved for a new trial. Plaintiff remitted $299.99 of the damages assessed. The court denied the motion for a new trial, and gave plaintiff judgment for the possession of the property and for one cent damages, with costs. This is an appeal by defendant from said judgment.

Section 7 of the Statute of Frauds is as follows: "Where any loan of goods and chattels shall be pretended to have been made to any person, with whom, or those claiming under him, possession shall have remained for the space of

five years, without demand made and pursued by due process at law, on the part of the pretended lender, or where any reservation or limitation shall be pretended to have been made of an use or property by way of condition, reservation, remainder or otherwise, in goods or chattels, the possession whereof shall have remained in another as aforesaid, the same shall be taken as to creditors and purchasers of the person aforesaid so remaining in possession, to be fraudulent, and that the absolute property is with the possession, unless such loan, reservation or limitation of use or property were declared by will or deed in writing, proved and recorded as aforesaid." The words "proved and recorded as aforesaid" refer to section 6 of said statute which requires either a will duly proved and recorded or a deed in writing duly acknowledged or proved, and recorded as in case of deeds of real estate.

The proof is unquestioned that plaintiff loaned these fixtures to Bamrick in January or February, 1898, and that they were then placed in the building he then occupied, and remained continuously in his possession and building till June 25, 1903, and on that date the building and the fixtures each passed into the possession of defendant, who claimed to have purchased the same. Defendant thereafter remained in the exclusive possession of these fixtures till plaintiff made demand therefor on August 10, 1903, just before this suit was begun. Bamrick therefore had these fixtures in his possession for more than five years. Plaintiff did not plead or prove that the loan was declared by any deed in writing, or that any such writing was ever recorded, or that while Bamrick had them there was any demand for them by plaintiff made and pursued by due process of law. If defendant was a purchaser of this property from Bamrick, then under the section of the Statute of Frauds above quoted, the court must hold that said loan of said fixtures by plaintiff to Bamrick was fraudulent as to defendant; and that the absolute property is with the possession.

About the time the brewing company loaned these fixtures to Bamrick, the president of the brewing company

gave Bamrick his personal contract for a deed of the lot and building thereon in which these fixtures were then placed and ever thereafter remained. The same agent who loaned Bamrick the fixtures arranged the contract for a deed. When Bamrick had completed his payments the deed of said premises from said president to Bamrick, dated February 12, 1901, was sent to Bamrick from the Milwaukee headquarters of the brewing company. Bamrick testified that there was a verbal agreement between himself and Hall, the agent who loaned him the fixtures and arranged the contract for a deed from said president to Bamrick, that the fixtures should belong to Bamrick at the expiration of the contract, when the deed was made, and that when he received his deed he considered he owned the fixtures. It is by no means clear that that claim by Bamrick on the witness stand is not true. But it is sufficient here that Bamrick evidently supposed he owned them, and told defendant he owned them. On June 25, 1903, Bamrick entered into a written contract with defendant for the sale of said real estate to defendant, with the building and appurtenances thereunto belonging. The consideration was $4,500, of which plaintiff paid $500 in cash and agreed to pay the remainder, with interest at 6 per cent thereon, in payments of $30 or more each month. Defendant agreed therein to pay the taxes and keep the premises insured for the benefit of Bamrick. It was therein agreed that if defendant failed to make any payment or keep any covenant by him therein, then the contract should at the option of Bamrick be forfeited and determined. Time was made of the essence of the contract. It was inferentially agreed therein that defendant should be let into possession, for it was agreed Bamrick should have the right to re-enter and take possession if defendant made default. Defendant did immediately take possession and has ever since held the same. The proof was that up to the time of the trial defendant had fully kept this contract.

The contract between Bamrick and defendant did not enumerate the saloon fixtures, but it is entirely clear they

were a part of what he bought on June 25, 1903, and that they were included in that for which he agreed to pay $4,500. In the negotiations they figured the building and lot and good will of the place at $4,000, these fixtures at $400 and the other fixtures in the saloon, tables, chairs, stove, etc., at $100, making in all the $4,500 which defendant agreed to pay Bamrick. Plaintiff cannot be heard to say that these fixtures were attached to the freehold and were real estate and were included in what Bamrick agreed to deed to defendant, for if so plaintiff could not maintain replevin for them. As defendant took possession immediately upon purchasing them, and retained that possession, he did not need any bill of sale or other writing to make the transfer valid. Defendant is not deprived of the position of a purchaser because he has not fully paid the consideration. He paid $500 down on the entire purchase, and has kept up his agreed monthly payments ever since, and performed all other parts of the contract to be performed by him. The benefit of the statute is not limited to purchasers who have completed their payments for the property. Defendant has paid a part of the purchase price and entered into an obligation to pay the rest, which is binding upon him. It is suggested that he may not complete his payments, that Bamrick may thereupon repossess himself of the property and that if he should do so he would retake these fixtures, because, as between Bamrick and defendant, they are a part of the real estate. This argument cannot prevail to entitle plaintiff to the fixtures in this action, because, first, if it be conceded that as between Bamrick and defendant they are real estate, then they cannot be taken from defendant by replevin, merely because they were formerly personal chattels as between other parties; and second, it cannot now be known that defendant will make default and lose his possession and rights. If at any future time Bamrick becomes repossessed of this property it will then be time enough to determine whether plaintiff can retake them from Bamrick by replevin. It is further to be noted that the proof is clear that defendant

is a *bona fide* purchaser. He knew nothing of the brewing company's claim to the property, and he further took the precaution to ask Bamrick if he owned the fixtures, and Bamrick replied that he did.

As we are of opinion that under the proof plaintiff cannot maintain this action against defendant, it is unnecessary to discuss other reasons assigned by defendant for a reversal of the judgment. As the proof is practically undisputed, no useful purpose can be served by remanding the cause for another trial. The judgment is reversed, and an order will be entered for the return of the property described in the declaration and writ of replevin, which description the clerk will insert in the judgment.

*Reversed.*

Finding of facts, to be incorporated in the judgment of the court:

We find that plaintiff loaned the property described in declaration and writ of replevin herein to James J. Bamrick in January or February, 1898; that said loan was never declared in writing, nor was any writing evidencing said loan ever executed or ever recorded as required by law in case of deeds of real estate; that the property so loaned remained continuously in the possession of said Bamrick for more than five years thereafter without demand made and pursued by due process at law on the part of plaintiff, the lender thereof; that on June 25, 1898, defendant purchased said property of Bamrick in good faith and for a valuable consideration, part of which he then paid and the rest he bound himself to pay to said Bamrick, and all of which subsequent payments which matured prior to the trial of this cause in the court below defendant duly paid; that immediately upon making said purchase defendant received possession of said property from said Bamrick, and retained said possession till the service of the writ of replevin herein; and that under the Statute of Frauds and Perjuries said loan was fraudulent as to defendant, purchaser as aforesaid, and that as to defendant the absolute

property in said goods and chattels was with the possession in said Bamrick at the time of said purchase by defendant, and that plaintiff is not entitled to recover said property from defendant in this action.