## Joseph Schlitz Brewing Company v. Frank A. Barr.

### Gen. No. 4,808.

REPLEVIN—*who entitled to benefit of bond given in action of.* Not only the defendant but those in privity with him in connection with the defense of the suit are entitled to the protection of a bond given in an action of replevin. But the interest and right of those in privity with the defendant in the matter of the defense of the replevin suit must appear before they can assert any right under the bond given.

Action of debt upon bond. Appeal from the Circuit Court of Marshall county; the Hon. THEODORE N. GREEN, Judge presiding. Heard in this court at the April term, 1907. Reversed and remanded. Opinion filed August 6, 1907.

RICHMOND & SMITH and H. H. DICUS, for appellant.

JOHN L. MURPHY and WILLIAM HAWTHORNE, for appellee.

MR. JUSTICE DIBELL delivered the opinion of the court.

The Joseph Schlitz Brewing Company brought an

action of replevin against John Klinger for certain
saloon fixtures. It gave the usual replevin bond to
Frank A. Barr, sheriff, to whom the writ had been de-
livered. Klinger gave a forthcoming bond and re-
tained the property. That suit resulted in a final judg-
ment in favor of Klinger in this court, reported in
Klinger v. Joseph Schlitz Brewing Company, 115 Ill.
App. 358, to which we refer for a statement of many
of the facts. This is a suit instituted in the name of
the sheriff for the use of James J. Bamrick upon said
replevin bond. The declaration contained the usual
averments as to the institution of said replevin suit,
the issuing of the writ of replevin, the execution of
the replevin bond, and the proceeding in the replevin
suit to and including its final termination in this court.
The declaration then averred that before the beginning
of said replevin suit Bamrick had sold and delivered
the property in question to Klinger under a contract
that when Klinger paid for the same the title in
Klinger should be absolute, in which contract Bamrick
had agreed to warrant and defend Klinger's title to
the goods; that at the time the replevin suit was begun
Klinger had not fully paid Bamrick the purchase price
of said goods, but held them under said contract, so that
Bamrick had an interest therein; that Klinger notified
Bamrick that the goods were being replevied by the
Brewing Company and called upon Bamrick to defend
his rights therein; that Bamrick thereupon, in accord-
ance with his duty, took charge of the defense of Klinger
in said replevin suit and employed a lawyer and in-
curred in and about the defense of said suit and the
prosecution of the appeal to this court certain expenses
and attorney fees specified in the declaration, and that
no part thereof has been paid to him and that he has
been damaged in that amount, and that said expenses
were occasioned by the wrongful suing out of said writ
of replevin, and that thereby an action had accrued to
plaintiff to recover said expenses. Defendant pleaded
*nil debet, non est factum, nul tiel record,* payment, per-

formance, and *non damnificatus,* and issues were joined upon these pleas. The suit was tried without a jury and there was a finding and a judgment for plaintiff for the amount of the bond as debt and assessing the damages at $272.95, in favor of Bamrick, from which defendant appeals. No propositions of law were presented and the sole question is whether the brewing company is liable to Bamrick under the proofs.

Bamrick did not introduce in evidence his contract with Klinger set out in the declaration. There is therefore no proof in the record that he agreed to warrant the title when he sold the goods to Klinger. The proof shows that when Klinger learned that a replevin writ had been issued he notified Bamrick, and that Bamrick employed an attorney who did take part in the trial of the case in the circuit and appellate courts. Klinger, however, immediately became dissatisfied with the course pursued by this attorney, and became fearful that it was not favorable to Klinger's interest, and thereupon he employed another attorney who also took part in the trial of the cause in the circuit and appellate courts. After the final judgment in this court the brewing company paid the costs in the circuit and appellate courts in said replevin case. The two attorneys, who had by this time become partners in the practice of the law, then prepared and presented to the brewing company an itemized bill of the matters for which they claimed the brewing company was liable, for attorney fees and expenses in that suit, amounting to $674, and demanded payment thereof. The brewing company declared the bill outrageous, and various interviews were had between the respective attorneys and offers and counter-offers for settlement were made. This finally resulted in a settlement by which the brewing company paid Klinger $250, and he executed a discharge under seal for "all damages of whatsoever kind or character by me sustained" in said replevin suit in the circuit and appellate courts. It is claimed by appellant that this payment and this release by Klinger discharged its

liability upon the replevin bond. It is claimed by Bamrick that under the decision in Atkins v. Moore, 82 Ill. 240, this bond secured the payment of his expenses and damages; that Klinger could not release his interests, and that if he could he did not profess to do so by this instrument. Sixty days or more after this payment and release, Bamrick served notice on the brewing company that he had been damaged in the sum of $400 by the wrongful suing out of said replevin writ, which damages consisted in all the expenses of carrying on the defense and appeal of said cause and other incidental expenses; that he had sold the property replevied to Klinger and had warranted the title thereto; that no person had the right to settle for his damages except himself; and that unless his claim was settled immediately he should bring suit upon the bond.

As Bamrick did not introduce in evidence his contract with Klinger, which was in writing, this record does not show that Bamrick had any interest in the property which authorized him to undertake the defense of the replevin suit. The replevin suit made no reference to Bamrick or any interest of his. There is no proof that in the pleadings in the replevin suit Bamrick or his interests appeared to be presented for adjudication. There is no proof that anything occurred in that trial or up to the final conclusion of that suit to give any notice to the brewing company that Bamrick was defending the suit or had any personal interest in its result. Except for the single matter hereinafter stated, there is no proof that when the brewing company settled with Klinger it had any knowledge or notice that Bamrick had furnished any money in the litigation or had any interest to be protected in the settlement. Bamrick testified that Hall was district agent for the brewing company and that he met Hall in Streator one day and told Hall that he thought the brewing company ought to settle with him for the costs in the case and the attorney fees; that Bamrick testified also that he was satisfied that this was before the

brewing company settled with Klinger, although he could not tell whether this conversation was in the spring or fall of the year. Bamrick further testified that he told Hall that he did not care whether the brewing company reimbursed him through Klinger or not. Bamrick was asked on cross-examination when he notified the brewing company that he had any claim against it. He answered that he had no claim, that is not directly; that he thought Klinger was going to collect the costs incurred in taking the case to the Appellate Court and reimburse him; that he expected Klinger to make the settlement and then afterwards to settle with him. The testimony by Bamrick that he was satisfied that the brewing company had not settled with Klinger at the time of his conversation with Hall in Streator is based by him upon statements made to him by his own attorney. That attorney was a witness in this case but Bamrick did not obtain corroboration from that source. Hall denied that he had such a conversation with Bamrick.

If Bamrick agreed in writing with Klinger to warrant and defend his title to these goods and if by the contract Bamrick retained the title thereto till Klinger had fully paid him therefor, and if Klinger had not fully paid therefor when the goods were replevied, and called upon Bamrick to defend and Bamrick did so, spending the sums here claimed, and if either the pleadings or proofs gave notice of these facts to the brewing company, then it may well be that Bamrick was entitled to the protection of the replevin bond. But the proof here is insufficient to establish such a case. The alleged contract is not in evidence. It is not shown that either the pleadings or the proofs in the replevin case gave the brewing company notice of Bamrick's contract and of his interest in the property. If the conversation with Hall occurred, and if it was notice to the brewing company, then it seems to have also been notice that Bamrick expected or was willing that what he had expended should be settled for with Klinger.

The bill rendered to the brewing company by the attorneys seems to have apparently contained detailed charges for all expenses which had been incurred in the defense of the suit. The brewing company had a right to settle their liability with the defendant, Klinger, unless they had notice of Bamrick's interests. If Klinger or the attorneys defrauded Bamrick, and betrayed Bamrick's interests in making the settlement, or if Klinger failed to pay Bamrick his proper share of the amount received, that would not give Bamrick a cause of action on the replevin bond.

Our conclusion is that the proofs do not sustain the finding. The judgment is therefore reversed and the cause remanded.

*Reversed and remanded.*