(No. 14971.—Judgment affirmed.)

THE PEOPLE *ex rel.* T. W. Mercer, County Collector, Appellee, *vs.* E. E. ZEARING, Appellant.

*Opinion filed December 19, 1922.*

1. PRACTICE—*a party applying for continuance must show diligence.* Applications for continuance, except when made on statutory grounds, are addressed to the sound discretion of the court, and a party applying for a continuance must show that he has not been guilty of negligence.

2. TAXES—*in a tax proceeding high school district is presumed legally organized.* In a tax proceeding where objections are filed to the tax levied by a community high school district which has been organized for two years, it will be presumed, when the county collector makes a *prima facie* case, that the district was legally organized, the board of education properly elected and that the tax levied is a valid tax, and the burden is on the objector to point out any irregularity in the tax which did not appear on the face of the delinquent list and in the notice and proof of publication.

3. SAME—*tax proceeding cannot be continued until determination of quo warranto proceeding.* A motion to continue the county collector's application for judgment for delinquent taxes levied by a community high school district until the determination of a *quo warranto* proceeding attacking the organization of the district is properly denied.

APPEAL from the County Court of Bureau county; the Hon. J. R. PRICHARD, Judge, presiding.

HORACE R. BROWN, and CLAUDE BROWN, for appellant.

CAREY R. JOHNSON, State's Attorney, (LOUIS A. ZEARING, of counsel,) for appellee.

Mr. JUSTICE FARMER delivered the opinion of the court:

This is an appeal from the county court of Bureau county overruling objections to judgment on the application of the county treasurer and *ex-officio* collector for a community high school tax against the land of appellant. The first objection was that at the election held October 16, 1920, to organize a community high school district the proposition of organizing the district did not receive a majority of the votes cast at the election. The second objection was that the circuit court of Bureau county granted leave to certain relators on June 6, 1922, to file an information in the nature of *quo warranto* against the board of education and the summons was made returnable on the first day of the September term of court, 1922, and the *quo warranto* proceeding is now pending. The third objection was that the board of education never held a regular or special meeting at which the tax objected to was levied, and for those reasons the tax was illegal and void.

The only question argued in appellant's brief is the second objection, and the argument is that the county court should have continued the application for judgment until after the *quo warranto* proceeding had been determined. Appellant admits the legality of the organization of the district cannot be raised by an objection to the tax and does not claim that the collector did not make a *prima facie* case entitling him to judgment, and the sole question presented for determination is whether the court erred in not continuing the objection until the *quo warranto* case had been determined.

The general rule is that applications for a continuance, except when made on statutory grounds, are addressed to the sound discretion of the court, and the person applying

for a continuance must show that he has not been guilty of negligence. The election to organize the district was held in October, 1920. The district was declared organized and a board of education elected. The necessary expense was incurred and steps taken to establish and operate the school, and it was at once put in operation. Taxes were collected for the maintenance of the district in 1921, and the school continued to function and was so functioning when the application was made by the collector, in June, 1922, for judgment for the tax here involved. No leave was asked by any tax-payer in the district to file an information in *quo warranto* questioning the legality of the organization of the district and election of the board of education until June 6, 1922, more than a year and a half after the district was declared organized. From this it would seem clear appellant had not been diligent in attacking the organization of the district by a proper proceeding, and on that ground it was not an abuse of discretion of the court to refuse a continuance of the tax objection.

But independently of appellant's want of diligence, we do not think it would have been proper for the court to have granted a continuance. The district had been maintaining and conducting a high school for approximately two years. In a tax objection proceeding it will be presumed that the district was legally organized, the board of education properly elected, and that the tax levied by the board is a valid tax. These presumptions obtained when the collector made a *prima facie* case, and the burden was on appellant to point out any valid objection to the tax which did not appear upon the face of the delinquent list, and notice and proof of publication. (*People* v. *Givens*, 123 Ill. 352; *People* v. *Sandberg Co.* 277 id. 567; *People* v. *Atchison, Topeka and Santa Fe Railway Co.* 276 id. 208.) The court would not have been warranted in holding up the collection of the tax levied to pay the expenses of the operation of the school until the determination at some future time and

in a different proceeding, whether the district was a legally organized district. In *Howard* v. *Burke,* 248 Ill. 224, it was held that a tax levied for a township high school by a *de facto* board of education which assumed to act under the authority of an election would not be enjoined in equity in the absence of fraud, even though a judgment of ouster was entered against the members of the board in a *quo warranto* proceeding after the tax was levied. The only authority cited by appellant is *Hailman* v. *Buckmaster,* 3 Gilm. 498, but that case can have no application to the question here involved.

The judgment is affirmed. .      *Judgment affirmed.*

---

(No. 14799.—Judgment affirmed.)
THE PEOPLE OF THE STATE OF ILLINOIS, Defendant in Error, *vs.* ISADORE COHEN, Plaintiff in Error.

*Opinion filed December 19, 1922.*