**The People of the State of Illinois ex rel. L. D. Lord et al., Appellees, v. Alva L. Shrout, Appellant.**

**Gen. No. 7,787.**

TAXES—*power of county collector to hold taxes of school district pending quo warranto to try validity of district organization.* The county treasurer or county collector has no powers relative to the handling and disposition of taxes collected for a high school district beyond those conferred by statute and is without power to agree to hold taxes paid in for a high school district in a separate fund pending the outcome of quo warranto proceedings brought to test the validity of the organization of the high school district and to refund them to the respective parties paying them if the judgment should be that the district be dissolved or any of those concerned be adjudged not a part of the district; and he may be compelled, by mandamus, to pay over such funds to the proper officer of the *de facto* high school district after the district has been declared illegally organized in the quo warranto proceeding.

Appeal by defendant from the Circuit Court of Christian county; the Hon. THOMAS M. JETT, Judge, presiding. Heard in this court at the October term, 1924. Affirmed. Opinion filed December 31, 1924. Opinion modified and refiled February 24, 1925.

HOGAN & REESE, for appellant.

LESLIE J. TAYLOR, for appellees.

MR. PRESIDING JUSTICE SHURTLEFF delivered the opinion of the court.

This is a mandamus proceeding, instituted in the name of the People, by various relators, including the school treasurer of the township, against appellant, both individually and as county collector, seeking to compel the said county collector to account to and pay over certain school moneys collected from taxes and claimed to be levied for the use of Community High School District No. 307, in Christian county, to the proper officer in its behalf. Appellant answered the petition denying that any legal tax had been levied by said school district, but the gist of the answer is a stipulation entered into on February 21, 1922, between the respective counsel for the parties in the case of *People v. Simpson,* then pending and later decided in the Supreme Court of this State, 308 Ill. 418. This was a quo warranto proceeding involving the legality of said Community High School District. A tax had been levied by the school board and it was stipulated between the parties that all parties against whom such levies were made, or the owners of land who desired, could pay their taxes to Jesse L. Patterson, county treasurer, then acting in that capacity, and take their receipts and with the consent of the county treasurer the said funds and taxes, from those who suggested that they desired to come under the stipulation, could make such payments without notice of protest, and the moneys paid were to be set aside and kept in a separate fund by said county treasurer,

to abide the result of said quo warranto proceedings. The county treasurer accepted the stipulation, which was in writing, waived notice of intention to withhold or protest the payment of said taxes, and agreed to pay the fund to whomsoever the same might be due and signed the stipulation.

There was a further clause in the stipulation that upon the final termination of the litigation, if the judgment should be that the district be dissolved or any of those concerned be adjudged not to be a part of the district and not included in the boundary lines thereof, then, in such case, the taxes paid should be refunded to the respective parties paying the same. It was stated in the stipulation that it was made to avoid an injunction suit or other litigation and at the same time to preserve the rights of the Community High School District No. 307, and of all those parties interested and concerned in the quo warranto proceeding and who claimed that the organization of the district was void.

It appears from the stipulation and the testimony and another stipulation in this case that the taxes were paid and the county collector canceled the tax upon the collector's books and made no note of the stipulation or of any protest by any taxpayer upon his books or tax records, and has preserved those taxes in a separate fund, as provided in the stipulation, and upon his settlement with the township treasurer for this Community High School District, said county collector refused to pay over all of the taxes belonging to said district, but retained the sum of $2,553.69, under the terms of said stipulation. It was stipulated that he held said moneys as county collector, and upon the election of his successor, appellant in this case, said fund was turned over to this appellant, who stipulates that he holds said sum as county collector and is carrying out the agreement of his predecessor as to said fund, and upon proper demand made has refused to turn over said moneys.

In the case of *People v. Simpson, supra,* involving the legality of said district, upon a trial and upon appeal to the Supreme Court that court reversed the judgment of the lower court, holding that it was manifest from the facts shown in the record that the territory was not composed of compact and contiguous territory, and "for that reason the judgment of the circuit court is reversed and the cause remanded."

It is conceded in the record that the persons paying said funds to the county collector were taxpayers in said district, and the only question raised as to the legality of the tax is based upon the illegality of the formation of said district. Appellant and his predecessor in all of the stipulations and proceedings in connection with this fund not only professed to but acted as county collector and county treasurer, and the first stipulation was signed "J. L. Patterson, County Treasurer."

The main contention of appellant to reverse the judgment of the lower court is that by the opinion in *People v. Simpson, supra,* it has been held that the district was not formed of compact and contiguous territory, and was, therefore, unconstitutional, illegal and void, citing many cases, and appellant further contends that the district having been held to be unconstitutional and void, it could not be held either a *de jure* or *de facto* district, citing *Board of Highway Com'rs v. City of Bloomington,* 253 Ill. 164, and that the tax levied was therefore void.

We do not think that the authority cited applies to this case. *Board of Highway Com'rs v. City of Bloomington, supra,* only holds that an unconstitutional statute confers no rights, imposes no duties and affords no protection. The district in this case was not organized under an unconstitutional statute. Neither is appellant's position that no *de facto* school district has ever existed sound, as the court in *People v. Young,* 309 Ill. 35, having under consideration the

curative act of A. D. 1921, and a district which the court ousted because its territory was not compact and contiguous, held:

"Wherever there had been a proceeding to organize a district in pursuance of section 89*a* [Cahill's Ill. St. ch. 122, ¶ 97] the district became a *de facto* community high school district, and was entitled to exercise all powers of such a district against all the world except the people of the State, and then only by a direct proceeding in quo warranto. It could levy and collect taxes, hire and pay teachers, exercise the sovereign power of eminent domain and create obligations enforceable at law. The district would exist forever unless destroyed at the suit of the people, and the only effect of the curative act was to relieve it from having its existence so questioned. (*Osborn v. People,* 103 Ill. 224; *Keigwin v. Drainage Com'rs,* 115 Ill. 347; *Shriver v. Day,* 276 Ill. 403; *Howard v. Burke,* 248 Ill. 224.)"

Moreover, in A. D. 1917, the legislature amended section 100 (then section 92) of chapter 122 (Smith-Hurd's Rev. Stat. 1923) as to discontinuing high school districts by adding thereto the following clause: "When a high school shall be discontinued by any court of competent jurisdiction, the assets of said high school district shall be distributed in the manner provided by this section" [Cahill's Ill. St. ch. 122, ¶ 100], and the court, having under consideration this amendment in *Board of Education v. Toennigs,* 297 Ill., at page 473, said:

"Appellant contends that as the law under which the community high school district was organized was unconstitutional the proceedings to organize it were null and void and the funds in the hands of the county treasurers were not assets or property of the district and not subject to the payment of obligations incurred by the board of education of the community high school district. It is undoubtedly true, as argued, that there being no valid law under which the district could be organized it never was a municipal corporation *de jure* or *de facto,* but that does not, in our

opinion, control the decision of this case. The statute as amended in 1917 requires, where a high school district is discontinued by order of a court of competent jurisdiction, that its assets shall be first applied to the discharge of its outstanding obligations and the remainder distributed to the underlying school districts and parts of districts in proportion to the assessed valuation of all the property of such school districts and parts of districts. There is no authority for the annulment or discontinuance of a high school district by an order of court except in a proceeding challenging the validity of the organization. The statute referred to is not restricted in its application to districts attempted to be organized under a valid law but applies as well to districts organized under a statute that may subsequently be held unconstitutional. The amendment was added after the decision in *People v. Weis*, 275 Ill. 581, holding the act of 1911 unconstitutional, and appears to have been made to meet just such a situation as this. The tax levies here made by the community high school board were not valid and binding on the taxpayers, but the taxes were voluntarily paid, not under compulsion or protest, and the money received on the anticipation warrants issued by the board was spent in the conduct and operation of the high school during a period for which no other tax was levied for that purpose. During that time the people of the district had the benefit of the school. It is not claimed by appellant that the legislature had no power or authority to enact section 92 referred to, but that the statute does not apply to a case of this character. We have already indicated our view to the contrary.''

In numerous cases it has been held that even where a judgment of ouster has been entered against members of the board of education in quo warranto proceedings, after the tax has been levied, the collection of the taxes can neither be enjoined nor their collection defeated in any collateral proceeding. *Baird v. Community High School*, 304 Ill. 531; *Howard v. Burke*, 248 Ill. 224; *People v. Cleveland, C., C. & St. L. R.*

*Co.,* 305 Ill. 466; *People v. Zehr,* 305 Ill. 502; *People v. Addis,* 306 Ill. 68, and *People v. Zearing,* 305 Ill. 505.

It is sufficient to say that in view of the authorities cited, at the time the county treasurer or county collector entered into the original stipulation or contract in *People v. Simpson, supra,* to preserve this fund intact, as such officer, he was without power to enter into such a contract and one concerning the rights and property of individuals and school districts who were not parties to the contract and with whose rights and property he had nothing to do. The defendants, members of the school board, in an informal manner, through attorneys, and not by official action so far as the property of the district was concerned, represented no one but themselves, and did not represent even the *de facto* community high school district. The law fixes the duties and powers of county collectors, and it is provided [Cahill's Ill. St. ch. 120, ¶ 258 *et seq.*]: that "the county collector shall on the first day of April and the first day of each and every month thereafter, pay over to the proper authorities the amounts in his hands not theretofore paid,   *   *   * and all such taxes collected shall be paid over in full to the proper authorities"; that the county collector shall report and pay over the amount of tax, etc., collected by him on delinquent property at least once every ten days when demanded by the proper authorities or persons; that the collector's warrant directs the collector to pay over to the proper officers the district school tax, etc., as often and at such times as may be demanded by the proper officer; that the collectors shall, every thirty days, when required so to do by the proper authorities of incorporated towns, etc., and school districts, render to said authorities a statement of the amount of each kind of tax collected, and at the same time pay over to such authorities the amount so shown to be collected; that it becomes the duty of the county collector to proceed to

the collection of taxes in the manner provided for town collectors under the statute. And where taxes are delinquent, the duties of the collector are mandatory to publish an advertisement, giving notice of the application for judgment. There is no provision in the statute for any discretion in the matter of the collection of the taxes returned to him by the county clerk with the warrant for collection.

It is an elementary rule that where public officers derive their powers from and their duties are prescribed by statute, all persons dealing with them in reference to such public affairs are bound to take notice of the powers and duties of such officers, and are bound to see that such officers, in their actions, are within the scope of their authority. *Diederich v. Rose,* 228 Ill. 615; *Marshall Co. Sup'rs v. Cook,* 38 Ill. 44; *May v. City of Chicago,* 124 Ill. App. 527; *Seeger v. Mueller,* 133 Ill. 86; *Tamm v. Lavalle,* 92 Ill. 263.

All powers possessed by the county collector are derived from the statute and he could not, in any manner, bind the people of the State by his acts or contracts beyond the powers conferred upon him by the statute creating his office, and fixing his powers and duties. He could not waive any of the rights of the people of the State to the collection of the taxes in the mode provided by law, and under no conception of the law could he agree to repay taxes in violation of the terms of the statute with reference to moneys of a defunct school district. *Tamm v. Lavalle,* 92 Ill. 263; *Diederich v. Rose,* 228 Ill. 610; *City of Chicago v. Hannon,* 115 Ill. App. 188; Dillon on Mun. Corp. (4th ed.) secs. 447, 457, 531.

The tax levied by the Community High School District No. 307, in controversy, was levied before the quo warranto proceedings were commenced, and, so far as this proceeding is concerned, was a legal and lawful tax. The fund in the hands of appellant was and is a part of the assets and property of said high school district, which is still, so far as this record is

concerned, a *de facto* school district, and there exists
no legal reason why appellant should not account for
and pay over the said moneys in accordance with the
prayer of the petition in this cause. The authority is
ample that the writ of mandamus will lie in this case.
*People v. Webb*, 256 Ill. 365.

Finding no error in the judgment of the circuit
court of Christian county, it is affirmed.

*Affirmed.*

Upon a petition for rehearing in this cause, in view
of the final opinion of the Supreme Court in *People
v. Simpson, supra,* some matters stated in our former
opinion have been omitted. However, in considera-
tion of the cases cited and *People v. Zearing,* 305 Ill.
503, in which it is held on page 506:

"In *Howard v. Burke,* 248 Ill. 224, it was held that
a tax levied for a township high school by a *de facto*
board of education, which assumed to act under the
authority of an election, would not be enjoined in
equity in the absence of fraud, even though a judg-
ment of ouster was entered against the members of
the board in a quo warranto proceeding after the tax
was levied. The only authority cited by appellant is
*Hailman v. Buckmaster,* 3 Gilm. 498, but that case can
have no application to the question here involved."

"Therefore, the court would not have been war-
ranted in holding up the collection of the tax levied
to pay the expenses of the operation of the school un-
til the determination at some future time and in a dif-
ferent proceeding, whether the district was a legally
organized district."

We adhere to the finding in our former opinion.
*People v. Zearing, supra,* was an appeal from the
county court overruling objections to judgment on the
application of the county treasurer, and *ex officio* col-
lector for a community high school tax against the
land of appellant. If the county court, upon applica-
tion for judgment for the tax and a court of equity by
injunction or otherwise, can neither of them aid the

property holder by delay until the quo warranto proceeding is settled and decided, certainly in a matter in which the public is interested, the county treasurer, as such, has no power to defer, continue or cancel the tax.

With the omissions stated and this addition, the petition for a rehearing is denied and the former opinion adhered to.

*Petition for rehearing denied.*