STATE v. PERRY R. WADDELL AND ANOTHER.
FIRESTONE TIRE & RUBBER COMPANY AND OTHERS,
INTERVENERS.[1]

January 13, 1933.

No. 29,305.

[1]Reported in 246 N. W. 471.

648

*Barrows, Stewart, Jackson & Junkin,* for appellant.

*Henry N. Benson,* Attorney General, *James E. Markham,* Deputy Attorney General, and *Francis J. O'Brien,* for the state.

WILSON, C. J.

Defendant surety company appealed from a judgment entered against it and another.

Waddell was the assistant purchasing agent for the state. Appellant was his surety for the faithful performance of the duties of such position. This action was to recover for the conversion of supplies and equipment by the agent.

The complaint alleged and the court found in substance that at various times and dates subsequent to the giving of the bond the defendant Waddell as purchasing officer of the state purchased for it and took delivery thereof of various supplies, materials, and equipment of the aggregate value of $3,112.05, which articles, supplies, materials, and equipment were wrongfully and unlawfully converted to his own use or to the use of other individuals.

Twenty-four business concerns intervened claiming that they had sold merchandise ostensibly to the state but in fact to Waddell for his own use or for other persons. The state denied this. There

was a lengthy trial, but the questions before us are limited by the fact that we have no settled case or bill of exceptions.

■ Appellant places great reliance upon the said claim of the complaints in intervention. But the state is not bound thereby. That was an issue in the case. Such a statement so made by the interveners was gratifying to appellant, but the difficulty is that it is not established as the truth by the findings of fact. The court found the facts as claimed by the state as above stated. The facts as found support the conclusion of law that plaintiff is entitled to judgment.

■■ The order for judgment contained this statement, which is also found in the judgment, to-wit:

"That the said sum of $3,112.05 be held by the state of Minnesota as trustee for the above named interveners in the amount of the claim of each as found in the findings of fact."

But such statement is unavailable to appellant on this appeal because (a) there is no finding of fact to support this conclusion of law, and (b) it is no concern of appellant what disposition is made of the money after it is received by the state. Atkins v. Moore, 82 Ill. 240; Greser v. People, 36 Ill. App. 415.

The appeal being from the judgment and there being no settled case or bill of exceptions, our sole question is the sufficiency of the facts found to support the conclusion of law entitling plaintiff to judgment.

Affirmed.