**Mat Stefanich et al., Trustees, Appellants, v. Nellie Richard et al., Appellees.**

**Gen. No. 9,773.**

184

at the January term, 1942.　　　　　　　Heard in this court
April 8, 1942.　　　　　　　　　　　　　Opinion filed

JOHN H. BECKERS and ELMER C. WILSON, both of Kankakee, for appellants.

NOEL A. DIAMOND, WAYNE H. DYER and IRWIN C. TAYLOR, all of Kankakee, for appellees.

MR. JUSTICE WOLFE delivered the opinion of the court.

On June 29, 1936, Everiste A. Marcotte was reappointed treasurer of township No. 31, in Kankakee county by the school trustees of that township, and he filed his official bond as required by law. The bond is in the penal sum of $40,000, and signed as sureties by Nellie Richard and E. C. Vandagrift. As provided by statute, the board of trustees of township No. 31 are named as the obligee in the bond.

On June 29, 1937, the board of education of school district No. 61, in said township No. 31, levied a tax of $21,000 for school purposes. On November 3, 1937, the board prepared warrants issued against and in anticipation of the taxes so levied. On November 12, 1937, the township treasurer sold one of the warrants for $5,000 to Ida Beckers; on November 23, 1937, he sold

one of the warrants for $7,300 to Fred C. Hamilton; and on January 26, 1938, he sold another warrant for $2,000 to Ida Beckers. The purchasers of the warrants paid to the township treasurer the face amounts of the warrants, which bear dates when they were purchased. Each warrant is payable to the order of the purchaser thereof, and directs the township treasurer to pay the amount thereof, from the funds to be realized from the taxes levied and collected for the year 1937 and 1938. The township treasurer received from the county collector, as such taxes collected for 1937, $20,444.49. None of the warrants have been paid, and they are now the property of the said purchasers.

On February 24, 1941, the trustees of schools of the township, for the use of Fred C. Hamilton and Ida Beckers, and Fred C. Hamilton and Ida Beckers filed their complaint in the circuit court of Kankakee county to enforce the liability of the defendants under, and by virtue of the bond of the township treasurer. A motion by the defendants to dismiss the complaint was sustained, and the plaintiffs have appealed from such order.

It is alleged in the complaint that Everiste A. Marcotte was township treasurer at the time of his death on July 13, 1938; that his estate was closed as insolvent; that the school authorities were not able to enforce a claim against his estate for the taxes received by Marcotte for the year 1937 and 1938.

It is further alleged in the complaint that the plaintiffs are informed, and believe, and so state the fact to be that upon receipt of the amounts paid to him by Ida Beckers and Fred C. Hamilton, Marcotte, failed to pay over to district No. 61, said amounts, but appropriated said amounts to his own use, whereby the condition of said bond was broken.

It is also alleged in the complaint that Marcotte, after receiving said sum of $20,444.49 from the taxes for said school district No. 61, from the county col-

lector, failed to set apart and hold any portion of said taxes so received by him as a trust fund to pay said anticipation warrants, but commingled said funds with other funds of said district No. 61, and either illegally and wrongfully used said monies to pay current or running expenses of said district, or appropriated said monies to his own use, and failed to account for said trust funds either to said district, or to Ida Beckers and Fred C. Hamilton, as holders of said anticipation warrants. The gist of this allegation is, that the township treasurer was a trustee for the benefit of the public of the taxes coming into his hands as a public officer, by virtue of his office, and that he violated his trust. (46 C. J. 1038, sec. 310; *People v. Small*, 319 Ill. 437.)

It is argued on behalf of the defendants that the school trustees cannot sue on the bond of the township treasurer for the use of the anticipation warrant holders. The trustees of township No. 31, etc. ("a body politic and corporate") is the real plaintiff in the suit. The obligation of the bond is to it. The legal right of action is in the corporation, and it is a matter of no concern to the defendants what it does with the money, if any is recovered under the bond, after obtaining it. *Greser v. People*, 36 Ill. App. 415; *Atkins v. Moore for use of Cool*, 82 Ill. 240; *Knight v. Griffey*, 161 Ill. 85; *City of East St. Louis v. Flannigan*, 26 Ill. App. 449; *Gones v. Fisher*, 286 Ill. 606; (sec. 20, ch. 122, Ill. Rev. Stat. 1937 [Jones Ill. Stats. Ann. 123.021]).

It is also contended that Marcotte did not receive the taxes in his official capacity as township treasurer. Paragraph 228, section 243, chapter 120, Ill. Rev. Stat. 1937, provides that it was the duty of the county collector on the first day of June and on the first day of each month thereafter, to pay to the proper authorities or persons the amounts on his hands, and payable to them as taxes. Chapter 122, Ill. Rev. Stat. 1937 [Jones Ill. Stats. Ann. 123.073 and 123.085], provided: section 70 the township treasurer shall

charge in the township cash book to the debit account, "fourth, to taxes received from the county and town collector, and for what districts received"; section 82 it is the duty of the township treasurer, "third, to collect from the township and county collectors the full amount of taxes levied by the directors of his township." (*People v. Shrout*, 235 Ill. App. 509.) We find no merit in this contention.

It is also argued that the warrants are void because not numbered in order of their sale or issuance. (Section 117, ch. 122, Ill. Rev. Stat. 1937 [Jones Ill. Stats. Ann. 123.132].) The warrants are not numbered. Section 117 provided that, "Such warrants shall show upon their face that they are payable in the numerical order of their issuance solely from such taxes" (the taxes levied and against which the warrants are drawn), "when collected, and shall be received by any collector of taxes in payment of taxes against which they are issued, and *such* taxes shall be set apart and held for their payment." Section 117 authorized the issuance of tax anticipation warrants to the extent of 75 per cent of the total amount levied, and against which the warrants were issued. The tax levy in this case was $21,000, the amount of taxes collected on the levy, and paid to the township treasurer, Marcotte, was $20,444.49. More than the amount necessary to pay all warrants issued against the tax levy for the year 1937 was collected and paid to the said township treasurer. The question argued is academic, or abstract. The allegations of facts set forth in the complaint are admitted by the motion to strike. To hold that the township treasurer or that a school district under such circumstances could be enriched to the amount of all tax warrants issued, because the warrants are not numbered, would be absurd.

The trial court erred in sustaining the motion to strike the complaint, and the judgment of that court dismissing the complaint is reversed, and the case is

remanded to the circuit court of Kankakee county with directions to enter an order requiring the defendants to plead to the complaint.

*Reversed and remanded.*